IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

          Petitioner,      :      Case No. 3:17-cv-080

  - vs -                              District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

SHEA HARRIS, Warden,
 Warren Correctional Institution,
                                   :

          Respondent.

## DECISION AND ORDER ON MOTION TO EXPAND THE RECORD

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Expand the Record (ECF No. 23).

**Litigation History**

Petitioner Jeffrey Brown filed this second-in-time habeas corpus petition on March 8, 2017 (ECF No. 4). The next day the Court ordered the Respondent to answer and to "file those portions of the state court record needed to adjudicate this case." Order for Answer, ECF No. 5, PageID 514). Respondent filed the State Court Record in response to that Order on June 22, 2017 (ECF No. 13). Under the terms of the Order for Answer, Petitioner's reply was due twenty-one days after the Return of Writ and the Court specifically notified him that his reply was due by July 17, 2017 (ECF No. 15).

1

As of the date of this Order, Petitioner has not filed a reply. First he took a two-month extension (ECF Nos. 18 & 19) and then additional sixteen days (ECF No. 20). When he finally did file a Reply on October 2, 2017 (ECF No. 21), it did not comply with the Order for Answer. Instead it had 440 pages of exhibits with no indication what parts of those exhibits were included in the State Court Record (Order for Amended Reply, ECF No. 22, PageID 3469). The Court concluded by ordering Petitioner "to file an amended reply which does comply by making record reference to the State Court Record as filed with PageID numbers not later than December 15, 2017." *Id.* at PageID 3470. Petitioner has not yet filed an amended reply.

**Instant Motion**

In the Order for Amended Reply, the Magistrate Judge noted that *Cullen v. Pinholster*, 563 U.S. 170 (2011),

> limits this habeas corpus court to considering the record that was before the state courts. If Petitioner believes that the Warden has omitted from what was filed some portion of the state court record which this Court could properly consider under *Pinholster,* he would first have to file a motion to expand the record.

*Id.* at PageID 3469. The instant Motion followed.

The substance of the Motion is Brown's request to "include exhibits numbers, 12, 14, 15, 16, 17, 25, 26, 27, 28, 30, 32, 33, 48, and 58 of ECF No. 21." (ECF No. 23, PageID 3471). He asserts "[a]ll of these documents were filed in this case, and therefore should have been provided to this Court. These documents are relevant to the claims and are relevant to the defaults raised by the respondent. The relevancy of these exhibits are [sic] explained in ECF No. 21, therefore

2

Brown incorporates by reference the reasons for the documents as if re-written here."

Analysis of the requested expansion is made here on an exhibit-by-exhibit basis.

**Exhibit 12** (PageID 3473) does not show that it was ever filed in the state court and is excluded on that basis.

**Exhibit 14** (PageID 3474-89) bears the file stamp of the Clerk of the Supreme Court of Ohio showing it was filed there on August 25, 2011. It is added to the record, contingent upon a demonstration by Brown that it relates to the convictions from which he seeks relief and that it was considered in rejecting his claims.

**Exhibit 15** (PageID 3490-99) does not show that it was ever filed in the state court and is excluded on that basis.

**Exhibit 16** (PageID 3500) does not show that it was ever filed in the state court and is excluded on that basis. It also is not a self-authenticating document – it is not on court stationery, nor does it have a clerk's signature.

**Exhibit 17** (PageID 3501) purports to be a copy of the address side of an envelope from the Montgomery County Clerk of Courts to Mr. Brown. While it appears to be authentic, it does not appear to have been filed in the state courts and the Magistrate Judge finds no argument for its inclusion in the record here between the arguments for Exhibit 15, and Exhibit 18. It is excluded on that basis.

**Exhibit 25** (PageID 3502-08) is a copy of a motion for evidentiary hearing filed in this Court in Brown's prior habeas application, Case No. 3:08-cv-477. It is already part of the record, being ECF No. 32 in that case. Further expansion of the record to include a second copy is denied.

**Exhibit 26** (PageID 3509-11) is a copy of ECF No. 45 in the prior case. Further expansion of

the record to include a second copy is denied.

**Exhibit 27** (PageID 3512-15) is a copy of ECF No. 63 in the prior case. Further expansion of the record to include a second copy is denied.

**Exhibit 28** (PageID 3516-19) is a copy of ECF No. 54 in the prior case. Further expansion of the record to include a second copy is denied.

**Exhibit 30** (PageID 3520-22) is a copy of ECF No. 45 in the prior case. Further expansion of the record to include a second copy is denied.

**Exhibit 32** (PageID 3523-38) appears to be one or more police reports. They are not authenticated and Brown has not shown that they were ever part of the state court record. They are excluded on that basis.

**Exhibit 33** (PageID 3539-73) purports to be a transcript of the Preliminary Hearing proceedings against Brown in the Dayton Municipal Court before the Honorable Daniel G. Gehres of that court on July 18, 2005. Brown explains the relevance of this transcript at ECF No. 21, PageID 3056, where he points out that an Officer Sawmiller who investigated the crime of which Brown was convicted interviewed a person named Hilton Averette, Jr., as 4:25 a.m. on the morning of the crime in the vicinity of Parkside Homes, to wit, walking west on East Helena Street. Brown avers that Sawmiller was not available for trial. Because the transcript is genuine and obviously a part of the state court record in this case, the record in this Court may be expanded to include this exhibit.

**Exhibit 48** (PageID 3574-80) purports to be a memorandum in opposition to motion to dismiss by appellees in the Second District Court of Appeals. The document does not show that it was ever filed in the Second District and is excluded on that basis.

**O0** (PageID 3583) is a notice to Brown of the filing of an entry in the Montgomery County Common Pleas Court. It bears the electronic filing stamp of the Clerk of that Court and thus may be added to the record here.

**Other Matters**

### Evidentiary Hearing

Throughout his Reply (ECF No. 21) Brown asks many times for an evidentiary hearing. He is instructed that he must file a separate motion for that relief and include reference to the subject matter of all the evidence he would present at such a hearing, along with an explanation why such a hearing is not precluded in this case by *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

### Amended Reply

Brown's amended reply, in the form required by the Order for Amended Reply, remains due on or before December 15, 2017.

December 1, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge