# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

                Petitioner,           :    Case No. 3:17-cv-080

    - vs -                          District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

CHAE[1] HARRIS, Warden,
 Warren Correctional Institution,

                                  :

               Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the Petition (ECF No. 4), the State Court Record (ECF No. 13), the Return of Writ (ECF No. 14), the Reply (ECF No. 21) and the court-ordered Amended Reply (ECF No. 25).

This case arises ultimately out of incidents that occurred at the Dayton Motor Hotel on May 15-16, 2005. In September 2005 the Montgomery County Grand Jury reindicted Brown on one count of aggravated robbery with a firearm specification, two counts of felonious assault with firearm specifications, one count of having weapon while under disability, one count of tampering with evidence, one count kidnapping with a firearm specification, and one count of aggravated burglary with a firearm specification. (State Court Record, ECF No. 13, PageID 541.) At a jury trial in February 2006, Brown was convicted of both counts of felonious assault, aggravated burglary with the firearm specification, having weapons under disability, and

---

[1] Spelling corrected from prior pleadings.

tampering with evidence. *Id.* at PageID 556. After motions for new trial and acquittal were denied, Judge John Kessler, to whom the case was then assigned, sentenced Brown to a total of nineteen years of imprisonment.

Brown appealed to the Second District Court of Appeals which affirmed. *State v. Brown,* No. 21540, 2007-Ohio-2098, 2007 Ohio App. LEXIS 1954 (2nd Dist. Apr. 27, 2007), appellate jurisdiction declined, 115 Ohio St. 3d 1421 (2007).

In August 2007, Brown filed an application to reopen his direct appeal under Ohio R. App. P. 26(B) to raise a claim of ineffective assistance of appellate counsel based on the omission of seven assignments of error. The Second District denied the application as untimely and the Ohio Supreme Court denied review (State Court Record ECF No. 13, PageID 755-56; 804).

Several months later Brown filed a delayed petition for post-conviction relief under Ohio Revised Code § 2953.21. By this time Judge Kessler had retired and been replaced by Judge Mary Wiseman. She denied the post-conviction petition February 7, 2008 (Decision, State Court Record ECF No. 13, PageID 870-73). The Second District affirmed the denial and the Ohio Supreme Court again denied review. *Id.* at PageID 929-33, 969.

On December 22, 2008, Brown filed a Petition for Writ of Habeas Corpus in this Court, raising fifteen grounds for relief. *Brown v. Brunsman*, Case No. 3:08-cv-477. District Judge Timothy Black dismissed the Petition and denied a certificate of appealability in May 2012 (ECF No. 78 in that case). The Sixth Circuit Court of Appeals also denied a certificate of appealability near the end of 2012 terminating the first habeas case.

From that point forward, Brown raised a number of claims in different ways generally

addressing deficiencies in the Common Pleas Court's judgment entry. The history of these efforts, all of which were made pro se, is detailed in the Return of Writ (ECF No. 14, PageID 2953-62. Only one of these efforts bore any fruit favorable to Brown's position. On appeal from denial of Brown's May 3, 2012, motion to vacate void judgment, the Second District held Judge Kessler had erred in failing to orally advise Brown of the five-year term of post-release control to which he would be subject when he completed his term of imprisonment. *State v. Brown*, No. 25653 (2nd Dist. Jun 13, 2014)(ECF No. 13, PageID 1567-78). The case was remanded so that the oral advice could be given. *Id.* at PageID 1578. On July 11, 2014, Judge Wiseman gave Brown the required oral advice of post-release control (Memorialized at State Court Record ECF No. 13-3, PageID 2033-35). She also entered an Amended Termination Entry with the five-year PRC term in it. *Id.* at PageID 2029-32. Although Brown appealed, the Second District affirmed and the Ohio Supreme Court again denied review (State Court Record, ECF No. 13-3, PageID 2111-20, 2207).

Brown filed his second habeas corpus petition in this Court March 9, 2017 (ECF No. 4), raising the following grounds for relief:

> **Ground One:** Sixth and Fourteenth Amendment Violation to a Speedy Trial and Speedy Sentencing.
>
> **Supporting Facts:** Petitioner was arrested on July 11, 2005. Petitioner was indicted on August 9, 2005. Petitioner plead [sic] "not guilty" at a preliminary hearing. Petitioner Filed a motion to dismiss for speedy trial violation on December 9, 2005, however, the court denied the motion. Petitioners' [sic] trial was not complete until officially convicted and sentenced on July 11, 2014.
>
> **Ground Two:** Petitioner was denied access to the Court in violation of the First and Fourteenth Amendment.
>
> **Supporting Facts:** Petitioner signed a cash slip for postage and deposited said cash slip and Notice of Appeal into the institutional mail system, however, said notice of appeal did not make it to the

court in a timely fashion. Once Petitioner placed the mail in the mail system it was out of his hands. Nevertheless, Petitioner lost his right to appeal the trial court's decision and entry.

**Ground Three:** Petitioner was denied his rights to the Clauses of Due Process and Equal Protection when Petitioners' [sic] Motion to Dismiss was found to be considered a post-conviction relief petition.

**Supporting Facts:** Petitioner filed a Motion to Dismiss requesting an evidentiary hearing of the trial court['] s denial of the December 9, 2005 motion, because there had not be a final judgment of conviction and sentence rendered in the case.

**Ground Four:** The trial court failed to dispose of all charges pending against Petitioner in the single case before the trial court's judgment with respect to any charge was final.

**Supporting Facts:** Petitioners' [sic] conviction and sentence was not completed until July 11, 2014. Petitioner filed a Motion for Reconsideration of a denial of a speedy trial violation. However, the motion was filed before a final judgment was rendered.

**Ground Five:** Petitioners' [sic] rights to the Federal Due Process Clause was violated when the Ohio Court of Appeals failed to comply with App.R. 12(A)(1)(c).

**Supporting Facts:** The Court of Appeals passed on Petitioners' [sic] first assignment of error on page 2 of the Petitioners' [sic] Motion to Vacate. See Statement of the facts on pages, 6-8 of Memorandum In Support of Jurisdiction, Case No. 2013-0553.

**Ground Six:** Court of Appeals violated Federal Due Process of Law and Fundamental Fairness of the proceedings when it failed to vacate the sentence it considered illegal.

**Supporting Facts:** The trial court's termination entry reflected a sentence that was not pronounced in the presence of the Petitioner. The appellate court recognized that the sentence is illegal, however, refused to vacate the sentence and void entry.

**Ground Seven:** Court of Appeals denied Petitioner Equal Protection of the Law when it denied Petitioners' [sic] Motion for Reconsideration of the appellate court's January 8, 2013 decision and entry.

**Supporting Facts:** Petitioners' [sic] termination entry did not reflect the manner of conviction or a sentence for all the charges like other defendant's, however, the court failed to vacate Petitioners' [sic] judgment of conviction and sentence, as the law existed at the time Petitioner was tried and sentenced.

**Ground Eight:** Court of Appeals lacked subject-matter jurisdiction and violated Petitioners' [sic] Federal procedural due process rights when it heard an appeal and decided the trial court imposed a sentence on each count in accordance to law.

**Supporting Facts:** The trial court failed to sentence Petitioner on each and every charge in accordance to Criminal Rule 32, and modified the trial court termination entry to reflect a five-year sentence of post-release control outside of the presence of the Petitioner.

**Ground Nine:** Where a Court of Appeals hears and decides a case in which it lacked subject-matter jurisdiction, that Courts' [sic] proclamation is void and must be vacated.

**Supporting Facts:** The court of appeals heard Petitioners' [sic] appeal on April 27, 2007, however, said court remanded Petitioners' [sic] case back to the trial court in 2014 for re-sentencing. Petitioners' [sic] sentence was not a final sentence at the time it was appealed to the appellate court.

**Ground Ten:** Petitioner was deprived of his liberty, and his rights to the Federal due process and equal protection clauses when the appellate court denied Petitioners' [sic] Motion to Vacate Judgment, where it lacked jurisdiction over the subject-matter to review the merits of the appeal and affirm the trial court judgment where the trial court's termination entry fails to include a conviction and a sentence required by law.

**Supporting Facts:** Petitioner reallege[s] and incorporate[s] by reference supporting facts from Grounds Five-Nine, and the statement of the facts from pages 7-11 of Petitioners' [sic] Memorandum in Support of Jurisdiction, Case No. 2013-1921.

**Ground Eleven:** Petitioner was denied due process and equal protection of Federal law when it denied Petitioner relief where it granted relief to others, in the same situation.

**Supporting Facts:** The court of appeals after denying Petitioner relief on April 17, 2013 held in State v. Johnston, 2d Dist.

Montgomery No. 25652, 2013-0hio-4401, that State v . Sanchez, 2d Dist. Greene 2006-CA-154, 2009-0hio-813, is law when the trial court fails to dispose of each charge in the defendant's case.

**Ground Twelve:** Petitioner was denied Fundamental Fairness of the proceeding and the appellate court abused it judicial discretion when it failed to certify the record to the Ohio Supreme Court for review and final determination pursuant to Article IV, Section 3(B)(4).

**Supporting Facts:** Petitioner reallege[s] and] incorporate[s] by reference the statement of the case, and statement of the facts of Petitioners' [sic] Memorandum in Support of Jurisdiction [sic], pages, 6-9, in Case No. 2014-0254.

**Ground Thirteen:** Sixth and Fourteenth Amendment violation to Criminal Rule 43(A), where sentence was not pronounced in the presence of Petitioner.

**Supporting Facts:** Petitioners' [sic] termination entry differed from the sentence pronounced from the bench by the trial judge.

**Ground Fourteen:** Motion to Dismiss was an interlocutory order where a sentence remains to be imposed for a final judgment of post-release control as the law existed prior to the effective date of R.C. § 2929.191.

**Supporting Facts:** Petitioner filed a motion to dismiss for speedy trial. The trial court denied the motion Petitioner appealed the judgment. The court of appeals affirmed. Petitioners' [sic] trial court judgment did not become final until July 15, 2014. However, Petitioner filed a Motion for Reconsideration of the trial court's denial of the speedy trial motion prior to the judgment becoming final.

**Ground Fifteen:** Petitioner was deprived of his liberty without due process of law when the appellate court overruled Petitioners' [sic] Motion to Vacate Judgment relying on a previous judgment that cited State v. Fischer, 128 Ohio St.3d 92 where Petitioner raised a Crim.R. 43(A) due process violation where sentence was not pronounced in the presence of the Petitioner at the sentencing hearing but was later modified in the termination entry journalized on March 9 2006 as the law existed at the time of the entries journalization.

**Supporting Facts:** Petitioner reallege[s] and incorporate[s] by reference the statement of the case and facts on pages 5-9 of Petitioners' [sic] Memorandum in Support of Jurisdiction filed April 11, 2016 in Case No. 2016-0535.

**Ground Sixteen:** Petitioner was deprived of his liberty without Equal Protection of the I.aw when the appellate court overruled Petitioners' [sic] Motion to Vacate, Application for Reconsideration, and Motion for leave to Amend Application for Reconsideration after it determined the March 9, 2006 termination entry sentence of post-release control was void as the trial court failed to verbally advise Mr. Brown as to the five-year mandatory nature of the post-release control.

**Supporting Facts:** Petitioner believes that a Miscarriage of Justice has taken place. Petitioner reallege[s] and incorporate[s] by reference the supporting facts in Ground Fifteen.

**Ground Seventeen:** Petitioner was deprived of his liberty without due process when the appellate court failed to *sua sponte* threshold address the jurisdictional matter.

**Supporting Facts:** Petitioner believes that the appellate court is required by law to determine whether the trial court's termination entry is a final appealable order as the law exist at the time the entry is appealed whether either party raise a jurisdictional issue or not.

**Ground Eighteen:** Petitioner was deprived of his liberty without due process of law where the trial court's March 9, 2006 termination entry was an interlocutory judgment/interlocutory order until finalized on July 11, 2014, and the appellate court's affirmation of the trial court's termination entry on April 27, 2007 was an interlocutory appeal until finalized on said date.

**Supporting Facts:** Petitioner reallege[s] and incorporate[s] by reference page 13 of Memorandum in Support of Jurisdiction, Case No. 2016-0535. Petitioner also reallege[s] supporting facts and incorporate[s] by reference Ground Fifteen.

**Ground Nineteen:** Petitioner was deprived of his Federal Rights to Liberty, Due Process and Equal Protection of the Law when the Court of Appeals overruled Petitioner's request to be conveyed to be physically present at re-sentencing hearing and where he objected to the hearing proceeding by video conference.

**Supporting Facts:** Petitioner reallege[s] and incorporate[s] by reference as supporting facts pages, 7-8 of the statement of the case and facts of Memorandum in Support of Jurisdiction, Case No. 2016-0083.

**Ground Twenty:** Equal Protection of the Law when the Court of Appeals overruled Petitioners' [s] assignment of error as res judicata where the trial court termination entry violated Federal Criminal Rule 43(A), as it exi[s]ted in law on March 9, 2006, as the five-year period of post-release control reflected in the entry was not pronounced in the presence of Petitioner at his original sentencing hearing.

**Supporting Facts:** Petitioner reallege[s] and incorporate[s] by reference as supporting facts the supporting facts of Ground Nineteen.

**Ground Twenty One:** Petitioner was deprived of his Federal Rights to Liberty, Due Process and Equal Protection of the Law when the Court of Appeals overruled Petitioners' [sic] assignment of error where the trial court imposed post-release control without conducting a de novo sentencing hearing mandated by decisions of the Ohio Supreme Court.

**Supporting Facts:** Petitioner reallege[s] and incorporate[s] by reference as supporting facts pages, 12-14 of Proposition of Law No. III of Memorandum in Support of Jurisdiction in Case No. 2016-0083.

(Petition, ECF No. 4, PageID 265-87.)

# Analysis

### Is the Petition Second-or-Successive?

The instant Petition is Brown's second-in-time habeas application attacking his current custody. Respondent argues that the Petition is second-or-successive and therefore Brown requires permission from the Sixth Circuit under 28 U.S.C. § 2244(b) before he can proceed

(Return of Writ, ECF No. 14, PageID 2967-70).

Upon the filing of a habeas petition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make an initial analysis to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," in which case "the judge must dismiss the petition and direct the clerk to notify the petitioner."

In performing the initial review in this case, the Magistrate Judge noted the prior case but also noted the Amended Termination Entry and initially concluded Brown's "situation parallels that of the petitioner in *In Re Stansell*, 828 F.3d 412 (6th Cir. 2016)." At least for purposes of initial review, the Magistrate Judge concluded, on the basis of *Stansell*, that the Petition was not second-or-successive and could proceed (Order for Answer, ECF No. 5, PageID 513-14).

Respondent submits this was error and the case should be transferred to the Sixth Circuit under *In re Sims*, 111 F.3d 45 (6th Cir. 1997)(Return, ECF No. 14, PageID 2967-68). The Warden distinguishes *Stansell* on the grounds that in that case the amended judgment imposed the five-year post-release control (which is mandatory under Ohio law), whereas here the original Termination Entry included that term and it was only the oral advisement of post-release control that had to be added. *Id.*

The Magistrate Judge finds the distinction unpersuasive. In *Stansell*, the Sixth Circuit focused on the judgment on which a habeas petitioner was in custody, a judgment rendered after the appellate court had remanded the case "for the limited purpose of properly advising and imposing upon Stansell the requisite period of postrelease control." *Stansell*, 828 F.3d at 414. The court also noted that the Supreme Court had similarly focused on the judgment in place in deciding that a petition attacking a different judgment from a prior habeas application was not second-or-successive. *Id.* at 415, *citing Magwood v. Patterson*, 561 U.S. 320 (2010).

Essentially, the Court determined that where there is a successive judgment, a second-in-time habeas petition is *not* second-or-successive. In *King v. Morgan*, 807 F.3d 154, 156-57 (6th Cir. 2015), the Sixth Circuit extended *Magwood* to challenges to a conviction using a judgment-based approach.

In this case, Judge Huffman did not just orally advise Brown of the PRC term; she also filed an Amended Termination Entry which included the five-year term. Under the *Magwood* judgment-based approach, Brown's instant Petition is not second-or-successive because it attacks the Amended Termination Entry.

Respondent also argues *Stansell* incorrectly interprets both 28 U.S.C. § 2244(b) and Ohio law (Return, ECF No. 14, PageID 2969). It is appropriate for the Warden to preserve that issue for appeal, but that is a decision for the *en banc* Sixth Circuit or the Supreme Court. This Court must obey *Stansell*.

**Statute of Limitations**

Respondent asserts Brown's First through Eighteenth Grounds for Relief are barred by the one-year statute of limitations for habeas petitions enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") and codified at 28 U.S.C. § 2244(d). That statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the date on which Brown's conviction became final on direct review as the ninetieth day after the Ohio Supreme Court declined jurisdiction of the direct appeal from the Second District. That occurred on October 3, 2007 (Entry, State Court Record ECF No. 13, PageID 743[2]). The time for seeking review by certiorari in the United States Supreme Court expired ninety days later on January 2, 2008. The statute began to run the next day and expired January 3, 2009, unless tolled. The Warden concedes tolling during the pendency of Brown's 26(B) application to reopen his direct appeal and his petition for post-conviction relief, but notes Brown had no collateral attack pending at all during 2010 (Return, ECF No. 14, PageID 2972). The pendency of his first habeas petition during that time does not toll the statute. *Duncan v. Walker*, 533 U.S. 167 (2001). Based on this calculation, the Warden concludes the statute expired long before Brown filed the instant Petition.

[2] Two file stamps appear on that page. The October 3 stamp is for filing on the Ohio Supreme Court; the October 23 stamp is for filing with the Montgomery County Clerk of Courts.

**Statutory Tolling**

Brown claims his "conviction and sentence did not become final for AEDPA purposes in his court of appeals Case CA 21540 until June 29, 2016" (Amended Reply, ECF No. 25, citing ECF No. 13-3 at PageID 2028.)  The Entry at that page is a denial of appellate review by the Ohio Supreme Court of the Decision of the Second District on March 4, 2016.  *Id.* at PageID 1908-09.  The Second District wrote:

> Brown has filed numerous motions and applications in this court, predicated on his contention that because the trial court failed at his sentencing hearing to notify him of the period of post-release control to which he would be subject, his entire sentence is void, and he must be re-sentenced. We addressed Brown's argument in our January 8, 2013, decision and entry overruling his motion to vacate judgment, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 38-39, for the proposition that the failure to notify at a sentencing hearing only renders the post-release control part of the sentence void.
>
> Brown continues to disagree with our conclusion. On January 16, 2013, Brown moved for reconsideration of our January 8, 2013, decision and entry. We overruled this motion by decision and entry dated March 1, 2013. Renewing his argument that his entire sentence is void, Brown moved, November 5, 2013, to vacate our appellate judgment. This is the motion that we overruled in our November 22, 2013, decision and entry, in which we noted that Brown was making the same arguments he had made in his November 2012 motion to vacate our appellate judgment, a motion we overruled in a January 8, 2013, decision and entry.
>
> Now Brown makes the same arguments in support of his motion to reconsider our November 22, 2013, decision and entry overruling his 2013 motion to vacate our appellate judgment. In both his original motion to reconsider and his proffered amended motion to

reconsider, Brown appears to be arguing that *State v. Fischer, supra,* which holds that only the post-release control portion of a sentence is rendered void by the failure to notify a defendant of post-release control at the sentencing hearing, should only be given prospective effect. Therefore, according to Brown, *State v. Fischer* should not apply to him. But there is nothing in *Fischer* to indicate that it should only be given prospective effect. The Supreme Court of Ohio was not purporting to change the law; it was determining the existing law.

In any event, we find nothing in Brown's application for reconsideration, or in his proffered amended application for reconsideration, to persuade us that we made an obvious error in our November 22, 2013, decision and entry overruling his 2013 motion to vacate our appellate judgment.

Brown's premise now is that he "properly filed" a motion to dismiss which was construed by the Common Pleas Court as a petition for post-conviction relief. The referenced filing is Brown's "Motion to Dismiss for Lack of Final Appealable Order Violation, Speedy Sentencing Violation, and Speedy Trial Violation," filed January 28, 2011 (State Court Record ECF No. 13-1, PageID 1212, *et seq.*) In it Brown asserts that the Termination Entry (Judgment) of March 9, 2006, is void because it does not include Brown's plea of not guilty or that he was found guilty by a jury. Because of these deficiencies, Brown asserts it was not a final appealable order, relying on *State v. Baker*, 119 Ohio St. 3d 197 (2008); and *State, ex rel Culgan v. Medina County Court of Common Pleas*, 119 Ohio St. 3d 535 (2008). *Id.* at PageID 1217.

Judge Wiseman denied Brown's Motion to Dismiss (Decision, State Court Record ECF No. 13-1, PageID 1265-70). She first noted that, under Ohio law, "a motion subsequent to a direct appeal seeking the vacation or correction of [a sentence] alleging a constitutional violation is a petition for post-conviction relief under O.R.C. § 2953.21." *Id.* at PageID 1266, *citing State v. Reynolds*, 79 Ohio St. 3d 158 (1997). She relied on the holding in *State v. Simpkins*, 117 Ohio St. 3d 402 (2008), that a sentencing entry that is "invalid, irregular or erroneous" is voidable, not

void.  She concluded the Motion was untimely because the statutory time for filing a post-conviction petition had expired 180 days after June 9, 2006.  *Id.* at PageID 1268.  Even if the Motion had been timely, she found it was without merit because failure to comply with Ohio R. Crim. P. 32 by stating the manner of conviction did not render the judgment void, but only voidable.  *Id.* at PageID 1269, *citing State v. Mitchell*, 187 Ohio App. 3d 315 (Ohio App. 6th Dist., 2010).

After losing his bid for reconsideration, Brown appealed.  In the course of denying the appeal, the Second District held "the March 9, 2006 judgment of conviction and sentencing entry in this case was a valid final judgment despite it failure to recite the manner of his conviction." *State v. Brown,* No. 24906 (2nd Dist. Jun 22, 2012)(State Court Record ECF No. 13-1, PageID 1340, *citing State v. Lester*, 130 Ohio St. 3d 303 (2011)).

Brown argues his Motion to Dismiss was "properly filed."  (Amended Reply, ECF No. 25, PageID 3596).  In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous court:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. ... [T]he question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

531 U.S. at 8 (footnote omitted).  In *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), the Court held that a post-conviction petition rejected by the state courts as untimely is not "properly filed" within 28 U.S.C. § 2244(d)(2).  *Accord, Allen v. Siebert,* 552 U.S. 3 (2007)(an untimely post-conviction petition is not properly filed regardless of whether the time element is jurisdictional or an affirmative defense).

Brown argues his Motion to Dismiss was timely because it comes within Ohio Revised Code § 2953.23(A)(1) because it "is based on is based on a retroactively applicable federal or state right recognized by the United States Supreme Court since the filing an earlier petition. R.C. 2953.23(A)(1)." (Amended Reply, ECF No. 25, PageID 3596, *citing State v. Dixon*, 2016-Ohio-955, 2016 Ohio App. LEXIS 851 (10th Dist. Mar. 10, 2016). He then says that "[t]he state right was recognized in *State v. Baker* and *State v. Culgan, supra.*, concerning the manner of conviction in the judgment entry." The difficulties with this argument are that *Baker* and *Culgan* were decided by the Ohio Supreme Court, not the United States Supreme Court. The deeper difficulty is that whether a state collateral attack has been "properly filed" is a question of state law and here both the Common Pleas Court and the Second District Court of Appeals determined the Motion to Dismiss was not properly filed because it was untimely.

Even if these two Ohio courts were wrong as a matter of Ohio law, "[a] mere error of state law is not a denial of due process." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009), *quoting Engle v. Isaac*, 456 U.S. 101, 121, n. 21 (1982). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

This same set of precedents bars Brown's argument that the Common Pleas Court did not have jurisdiction to impose the complete sentence, i.e. including the five-year PRC term, until after holding the resentencing hearing. The Second District held the March 9, 2006, judgment was not void as it would have been if the Common Pleas Court had lacked jurisdiction. Whether a state court criminal judgment is void for lack of jurisdiction or merely voidable in part is a question of state, not federal, law.

Brown is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).


**Equitable Tolling**


Brown claims he is entitled to equitable tolling of the statute of limitations on the basis of ineffective assistance of appellate counsel. He asserts his appellate counsel was ineffective when he failed to raise on direct appeal that the Common Pleas Court's judgment was void.

Because the judgment was not void as a matter of state law, as the Second District held in this case, it did not constitute ineffective assistance of appellate counsel to fail to make that claim and counsels' failure to make the claim does not excuse Brown's delay.

Brown claims he has been diligent in raising his claims under *State v. Baker, supra,* because he filed his Motion to Dismiss January 28, 2011, and *Baker* was decided July 9, 2008 (Amended Reply, ECF No. 25, PageID 3598). Brown explains he could not have raised a claim under *Baker* until it was decided. *Id.* However, he does not explain how waiting more than three years after *Baker* was decided constitutes diligence.

Brown further claims he is entitled to equitable tolling under *Souter v.* Jones, 395 F.3d 577 (6th Cir. 2005). In *Souter* the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup [v. Delo]* actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result

of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

The controlling precedent on this point is now the Supreme Court's decision in

*McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin*, 569 U.S. at 386-87.

Brown's argument on this point evinces a misunderstanding of the actual innocence

gateway exception (Reply, ECF No. 21, PageID 3056-58). "Evidence" that he points to that would arguably have been favorable to his case includes

> (1) Observation on the morning of the crime by Dayton Police Officer Anthony Sawmiller of a man named Hilton Averette walking in the vicinity of Parkside Homes in the early morning hours of the day the crime was committed[3]. This testimony was not presented at trial because Sawmiller was not subpoenaed.
>
> (2) Use of crack cocaine by the victim and by State's witnesses in the days before the offense, which was testified to at trial.
>
> (3) An expert witness on the effect of crack cocaine who was not called because the trial court had not approved funding. Brown claims trial counsel was ineffective for not citing case law that would have convinced the trial judge.
>
> (4) Ineffective assistance of trial counsel for failure to move to arrest judgment because the reindictment as to the seventh count for aggravated burglary does not charge an offense.
>
> (5) ineffective assistance of trial counsel for failure to subpoena an alibi witness identified as BJ.

(Reply, ECF No. 21, PageID 3056-58.) Brown requests an evidentiary hearing to present this evidence. *Id.* at PageID 3058.

None of these items satisfy the *Schlup* standard of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Sawmiller's testimony would have identified another person in the general vicinity, but not an eyewitness to the crimes. The use of crack cocaine by witnesses is not new evidence because it was testified to at trial. Brown does not present any report from an expert on the effects of crack cocaine and in any event that would be evidence impeaching the witnesses and not sufficient to prevent a jury from believing them. No actual evidence is presented of what BJ would have testified to. Finally, failure to challenge the sufficiency of the indictment is not a matter of evidence at all.

---

[3] Parkside Homes as it then existed was a large public housing project about four or five blocks from the Dayton Motor Hotel. Parkside has since been demolished.

In sum, Brown has not offered credible new evidence to satisfy the *Schlup* standard. Moreover, none of that evidence was unknown to Brown at the time of trial. The existence of new evidence cannot be held in reserve indefinitely to excuse a time bar.

The Magistrate Judge concludes Brown's First through Eighteenth Grounds for Relief are barred by the statute of limitations and should be dismissed with prejudice on that basis.

**Cognizability**

Respondent argues that Grounds for Relief Two, Three, Five, Seven, Eight, Ten, Eleven, Twelve, Fourteen, Fifteen, and Sixteen are not cognizable in federal habeas corpus. Because all of these claims are barred by the statute of limitations, the Magistrate Judge presents no analysis of this defense.

**Procedural Default**

Respondent claims Grounds Four, Eight, Nine, Thirteen, Seventeen, and Eighteen are procedurally defaulted (Return, ECF No. 14, PageID 2987-89). Because consideration of these Grounds is barred by the statute of limitations, the Magistrate Judge presents no analysis of this defense as to those Grounds for Relief.

**Ground Nineteen: Physical Presence at Re-Sentencing Hearing**

In his Nineteenth Ground for Relief, Brown claims he was denied his rights to liberty,

due process of law, and the equal protection of the laws when the Second District Court of Appeals denied his request to be conveyed physically to the re-sentencing hearing and instead permitted that hearing to be held by video conference. As support for this claim, Brown refers this Court to the facts stated in his Memorandum in Support of Jurisdiction in the Ohio Supreme Court (State Court Record ECF No. 13-3, PageID 2167-69). That Memorandum was filed in support of Brown's appeal to the Ohio Supreme Court from the decision of the Second District. *State v. Brown,* No. 26320, 2015-Ohio-3912, 2015 Ohio App. LEXIS 3804, 2015 WL 563228 (2nd Dist. Sep. 25, 2015).

In the Second District, Brown had presented the following Assignment of Error: "[t]he trial court committed reversible error when it denied appellant's request to be conveyed for the resentencing hearing and when it overruled appellant's objection to the hearing proceeding with appellant participating via video conference." *Id.* at ¶ 7. Judge Donovan's opinion for the Second District considered all the law that might be applicable, including the federal and state constitutional provisions, Ohio R. Crim. P. 43, and Ohio Revised Code § 2929.191. The Second District concluded that Brown's failure to be physically present did not prejudice him, particularly because he was given an opportunity to consult privately with his attorney.

Respondent defends Ground Nineteen on the merits, asserting that because the Second District decided the claim on the merits, its decision is entitled to deference under 28 U.S.C. § 2254(d)(1). When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S.

685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Brown responds by claiming he "did not understand his rights and needed to be present with his court appointed counsel to have counsel explain Browns' [sic] Constitutional Rights fully." (Reply, ECF No. 21, PageID 3080.) As proof, Brown cites to the Transcript of Proceedings on March 8, 2006, which proves nothing about what happened on July 11, 2014, at the resentencing. He also cites to the Transcript of that proceeding in which he claimed a right to be present under Ohio R. Crim. P. 43 and very articulately presented his legal reasons why he believed he was entitled to be present. He evinced no confusion about his rights nor did he ask for further opportunity to consult with his counsel. Thus his claim of prejudice is purely conclusory without support in the record.

Brown also asserts he needed to be present to show his counsel what "he has uncovered concerning his case." (Reply, ECF No. 21, PageID 3080). However, he has not disclosed what he wanted to show his attorney or how that would have been relevant to his being orally advised of the five-year term of post-release control.

Finally, he claims "the trial court violated the Supremacy Clause." *Id.*, *citing Yates v. Aiken*, 484 U.S. 211 (1988). That case has nothing to do with the physical presence of a criminal defendant in state court proceedings.

Review of the Second District's decision shows it was aware of and applying the leading Supreme Court case on the subject, *Snyder v. United States,* 291 U.S. 97 (1934). Its decision is an objectively reasonable application of *Snyder* and Supreme Court cases on the same subject. The Supreme Court has never held that a defendant has an absolute right to be present at every stage of a criminal proceeding and has in fact approved amendments to the Federal Rules of Criminal Procedure that allow video conferencing in some situations.

Because the Second District's decision on this claim is not an objectively unreasonable application of the relevant Supreme Court caselaw, Ground Nineteen should be dismissed.

**Ground Twenty:  Denial of Equal Protection Regarding Post-Release Control**

In his Twentieth Ground for Relief, Brown claims he was denied equal protection of the laws when the Second District overruled one of his assignments of error on the basis of res judicata.

This claim evidently refers to Brown's First Supplemental Assignment of Error in his appeal from re-sentencing.  That claims reads as follows:

> The trial court committed reversible error in its termination entry, filed on March 9, 2006; said entry violated both Ohio and Federal Criminal Rule 43(A) as the five-year period of post-release control reflected in the entry was not pronounced in the presence of the Appellant at his original sentencing.

*Brown*, *supra*, ¶ 16.

As he has phrased this claim in his Petition, it does not state a claim upon which relief can be granted in federal habeas corpus.  Brown claims he was entitled to the benefit of Fed. R. Crim. P. 43(A) "as it exited [sic] in law on March 9, 2006."  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  The Federal Rules of Criminal Procedure do not apply to state court criminal trials.  Fed. R. Crim. P. 1(a)(1) provides that the those Rules apply "in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States."  The Montgomery County Common Pleas Court cannot

have violated Fed. R. Crim. P. 43(A) because that Rule, by its own terms, does not apply in state court proceedings.

Brown has not explained how there can have been any equal protection violation in the March 2006 proceeding, nor did he present this claim to the Ohio courts as a federal constitutional claim.

Ground Twenty should therefore be dismissed.


**Ground Twenty-One:  Re-sentencing Without a De Novo Sentencing Hearing.**

In his Twenty-First Ground for Relief, Brown claims he was deprived of his federal rights to liberty, due process of law, and equal protection when he was orally advised of his post-release control term instead of being afforded a de novo re-sentencing hearing.  Brown presented this claim as his Second Supplemental Assignment of Error in the appeal from re-sentencing, plainly making due process and equal protection claims.  *Brown, supra,* ¶ 21.

> **[*P23]**  However, Brown's resentencing hearing was for the limited purpose of correcting a defect in the imposition of post-release control. It is well established that when a trial court errs in imposing a term of post-release control at sentencing, "that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. "[O]nly the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27. Where post-release control has been improperly imposed, res judicata applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Id.* at ¶ 34. *See also State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012-Ohio-1660, ¶ 19. The case upon which Brown relies, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, was overruled by *Fischer*. Thus, no issues other than postrelease control were subject to review by the trial court at Brown's resentencing hearing, and the trial court correctly limited the resentencing to this aspect of disposition and was not required to conduct a de novo hearing in all other respects.

*Id.*

In support of this Ground for Relief, Brown refers the Court to his Memorandum in Support of Jurisdiction on appeal from this decision, particularly to his argument on Proposition of Law III (State Court Record ECF No. 13-3, PageID 2171-73). The Second District had relied on *State v. Fischer,* 128 Ohio St. 3d 92 (2010), and Brown argued its application to him violated the prohibition on ex post facto laws. *Id.* at PageID 2173, *citing Miller v. Florida*, 482 U.S. 423 (1987).

In *Miller* the Supreme Court unanimously overturned a sentence imposed under Florida's sentencing guidelines where the guidelines were amended upward between the offense date and the sentencing date. The Court held:

> Our test for determining whether a criminal law is ex post facto derives from these principles. As was stated in *Weaver [v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L. Ed. 2d 17 (1981)], to fall within the ex post facto prohibition, two critical elements must be present: first, the law "must be retrospective, that is, it must apply to events occurring before its enactment"; and second, "it must disadvantage the offender affected by it." ... [N]o ex post facto violation occurs if a change does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance." citing *Dobbert v. Florida*, 432 U.S. 282 at 293, 97 S. Ct. 2290, 53 L. Ed. 2d 344 (1977).

428 U.S. at 430. In that case there had been a legislative change in the sentencing guidelines and they had been made expressly retroactive. In *Fischer*, in contrast, the Ohio Supreme Court did not act in a legislative capacity to "change" the law. Rather, it declared what the law of Ohio was with respect to resentencing hearings to impose post-release control. It acknowledged that it had previously used the word "void" with respect to judgments that omitted required terms, but clarified that only those portions of the judgment which omitted such terms were void

Brown has cited no United States Supreme Court precedent holding that what the Ohio

Supreme Court did in *Fischer* somehow violates the United States Constitution, whether it be the Ex Post Facto Clause or some other portion of the Constitution. Thus he has not shown that the Second District's decision on this claim is contrary to or an objectively unreasonable application of Supreme Court precedent. Brown's Twenty-First Ground should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the

transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).