# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

                    Petitioner,         :   Case No. 3:17-cv-080

     - vs -                              District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

CHAE[1] HARRIS, Warden,
 Warren Correctional Institution,
                                :
                  Respondent.

---

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS; ORDER TO CLERK TO FURNISH PETITION

---

      This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 32) to the Magistrate Judge's Supplemental Report and Recommendations recommending dismissal of the Petition with prejudice ("Supplemental Report," ECF No. 31). Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 33).

**The Statute of Limitations**

      The original Report and Recommendations ("Report," ECF No. 26) recommended that Grounds One through Eighteen of the Petition be dismissed as barred by the statute of limitations

---

[1] Spelling corrected from prior pleadings.

(ECF No. 26, PageID 3617-26). This was based on a determination, urged by Respondent, that the statute of limitations on these claims expired in 2010 and the Petition was not filed until 2017 (Return, ECF No. 14, PageID 2973). In contrast, Brown claimed in his first set of objections that the time runs from his 2014 resentencing because "the entry of a new judgment normally resets the statute-of-limitations clock," (Objections, ECF No. 29, relying on *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), and *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016).

The Supplemental Report relied on *Bachman v. Bagley*, 487 F.3d 979 (6th Cir., 2007), and *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012), for the proposition that the statute of limitations runs from conclusion of direct review, not collateral review as here. The Supplemental Report recognized that *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), was to the contrary, but noted that a Sixth Circuit panel cannot overrule the published decision of a prior panel and that *Crangle* was, in any event, distinguishable (ECF No. 31, PageID 3659). Brown objects (ECF No. 32, PageID 3669-76).

To resolve this statute of limitations question, we must recur to the procedural history. The incidents in suit occurred at the Dayton Motor Hotel on May 15-16, 2005. Out of those incidents, the Montgomery County grand jury indicted Brown (State Court Record, ECF No. 13, PageID 541.) In February 2006 a jury convicted Brown on two counts of felonious assault, aggravated burglary with a firearm specification, having weapons while under disability, and tampering with evidence. *Id.* at PageID 556. Judge Richard Dodge then sentenced Brown to nineteen years' imprisonment. Direct appeal, an untimely petition for post-conviction relief, and an untimely Ohio App. R. 26(B) application, as well as an initial federal habeas corpus application provided no relief. Brown then began a series of collateral attacks on the Common Pleas judgment entry (See Return

of Writ, ECF No. 14, PageID 2953-62).  On May 3, 2012, he filed a Motion to Vacate Void

Judgment Where Sentence is Contrary to Law (State Court Record, ECF No. 13-1, PageID 1423,

et seq.)  Judge Mary Wiseman denied the Motion and Brown appealed.

On appeal Brown claimed that the March 9, 2006, sentencing entry

> is void because he did not receive oral notification of the duration of
> post-release control. According to him, even if the sentencing entry
> recites the length of post-release control, that aspect of his sentence
> remains illegal and unenforceable because the trial court did not
> mention the number of years [of post-release control] at sentencing.

*State v. Brown*, 2014-Ohio-2551, 2014 Ohio App. LEXIS 2508 ¶ 12 (2nd Dist. June 13, 2014).

The Second District found that argument well taken. *Id.* at ¶¶ 13-16.  It held further that he was

entitled to raise the issue in his May 2012 motion "because, under existing Ohio Supreme Court

precedent, the failure to advise him [orally] of the duration of post-release control at sentencing

rendered the post-release control portion of his sentence void." *Id.* at ¶ 17, relying largely on *State

v. Qualls*, 131 Ohio St. 3d 499 (2012).    The Second District also held that only the post-release

control portion of the sentence was void. *Id.* at ¶ 21, holding Brown was only entitled "to a limited

re-sentencing to correct the imposition of post-release control."  The appellate court remanded

with precisely that limitation in place. *Id.* at ¶ 27.

On July 11, 2014, Judge Wiseman gave Brown the required oral advice of post-release

control (Memorialized at State Court Record ECF No. 13-3, PageID 2033-35). She also entered

an Amended Termination Entry with the five-year PRC term in it.  *Id.* at PageID 2029-32.

Although Brown appealed, the Second District affirmed and the Ohio Supreme Court again denied

review (State Court Record, ECF No. 13-3, PageID 2111-20, 2207).  The Ohio Supreme Court

Entry was filed March 23, 2016 (Entry, State Court Record, ECF No. 13-3, PageID 2207).  Brown

deposited his instant Petition in the prison mail system on February 24, 2017 (PageID 290).

Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run on the date the judgment of conviction becomes final on direct review or expiration of the time for seeking direct review. The Warden calculated the date of finality as January 2, 2008, the date on which Brown's right to petition the United States Supreme Court for a writ of certiorari expired. Allowing for statutory tolling while Brown's 2007 Ohio R. App. P. 26(B) application and petition for post-conviction relief under Ohio Revised Code § 2953.21 were pending, the statute would still have expired in 2010 because Brown had no post-conviction actions pending during that year (Return, ECF No. 14, PageID 2972-73).

In his Amended Reply, Brown argued for statutory tolling under 28 U.S.C. § 2244(d)(2) and equitable tolling either on the basis of his diligence in pursuing his claims or because of the "actual innocence" gateway first recognized in *Schlup v. Delo,* 513 U.S. 298, 316 (1995). The Report rejected those claims (ECF No. 26, PageID 3619-26).

Brown did not respond to that analysis in his first set of Objections, but instead shifted to the argument he now makes that the calculation of finality runs from Judge Wiseman's Amended Termination Entry on remand (Objections, ECF No. 29, PageID 3640-50, relying principally on *Magwood v. Patterson*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015); and *In re Stansell*, 828 F.3d 412 (6th Cir. 2016). He again relies on these cases and others in his present Objections.

To make sense of the case law involved here, it is necessary to disentangle two issues: whether a petition is second-or-successive and whether it is barred by the statute of limitations. These potential bars to habeas corpus relief were both adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The second-or-successive bar is codified at 28 U.S.C. § 2244(b) and provides that a second

or successive habeas application may not be considered by a district court unless or until the circuit court has given permission. The statute of limitations is codified at 28 U.S.C. § 2244(d) and provides that a habeas petition is barred if it is not filed within one year of the date on which the conviction becomes final on direct review. Both sections have acquired a considerable judicial gloss since 1996.

The first hurdle Brown's instant Petition had to surmount was the second-or-successive bar. When he filed his instant Petition, he had not obtained permission to proceed from the circuit court and the Petition was a second-in-time application because Brown had previously filed a habeas petition related to his 2006 conviction, *Brown v. Brunsman*, Case No. 3:08-cv-477. The Magistrate Judge had to resolve that issue *sua sponte*, at least initially, because district courts have no jurisdiction over second-or-successive habeas applications without the required circuit permission. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

In the Order for Answer, the Magistrate Judge concluded this was not a second-or-successive habeas petition because Brown's situation "parallels that of the petitioner in *In re Stansell*, 828 F.3d 412 (6th Cir. 2016)" (ECF No. 5, PageID 513-14). In the Return of Writ, the Warden disagreed with that conclusion (Return, ECF No. 14, PageID 2967-70, also arguing *Stansell* was incorrectly decided). However, the Warden has made no effort to force this Court to transfer the case to the Sixth Circuit.

The statute of limitations is a separate provision of the AEDPA, codified at 28 U.S.C. § 2244(d), but Brown insists the statute of limitations issue is settled by *King v. Morgan, supra.* The holding in *King*, however, is that "a habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed *conviction* without triggering the

'second or successive' requirements."  807 F.3d at 156 (emphasis in original).  King, like Brown, had moved to vacate his Ohio criminal judgment because it did not contain the mandatory post-release control term.  However, on re-sentencing the trial court increased the imprisonment portion of the sentence from twenty-one years to life to thirty-three years to life.  *Id.*  The *King* court was unsure what effect its decision would have on habeas practice in this circuit, but commented "[t]he entry of a new judgment normally resets the statute of limitations clock." 807 F.3d at 159, citing 28 U.S.C. § 2244(d)(1)(A) and *Rashad, supra*.

*In re Stansell, supra*, also involved the second-or-successive issue.  It was before the Sixth Circuit on a request for permission to proceed with a second-or-successive habeas application. While Stansell's case was on appeal on a different issue, the Eighth District observed that the trial court had erred in failing to impose a term of post-release control and remanded the case "for the limited purpose of properly advising and imposing upon Stansell the requisite period of post-release control." 828 F.3d at 414, quoting *State v. Stansell*, 10 N.E.3d at 799.  The Sixth Circuit held that Stansell's partial resentencing to impose, for the first time, a term of post-release control permitted him to raise challenges to his original undisturbed conviction and term of imprisonment. Judge Sutton expressly disclaimed deciding any statute of limitations issue:

> Because we must apply the term "second or successive" to the application as a whole, not to the individual claims within it, *Magwood* precludes us from adopting Bachman's approach in the second or successive context. None of this should be taken to call *Bachman* into doubt. All that this decision and all that King attempt to do is try to apply *Magwood* faithfully in the second-or-successive context. These decisions, and most importantly *Magwood*, do not answer the distinct statute-of-limitations question raised in *Bachman*.

828 F.3d at 418.

*Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), was an appeal from a dismissal of a habeas

petition as barred by the statute of limitations. Crangle had pleaded guilty to rape of a minor and was sentenced to life imprisonment. His conviction became final on direct review December 20, 2008. *Id.* at 675. Over a year later, the Ohio Supreme Court decided *State ex rel Carnail v. McCormick*, 126 Ohio St. 3d 124 (2010), one of a series of Ohio Supreme Court cases dealing with the mandatory post-release term. Armed with *Carnail*, Crangle sought to withdraw his guilty plea, but obtained instead a *nunc pro tunc* amendment of his judgment which imposed the mandatory five-year term of post-release control. 838 F.3d at 676. Crangle filed his petition for habeas corpus on March 28, 2013. The District Court dismissed the petition as untimely, but the Sixth Circuit held the "2010 *nunc pro tunc* order was a new judgment that reset the statute of limitations clock." 838 F.3d at 677. In the course of doing so, it held that the new sentence imposed on Crangle was "worse than before" because it substituted post-release control for parole.

Brown's present sentence is not "worse than before." All that changed was (1) Judge Wiseman's oral advisement of the five-year term of post-release control and (2) her memorialization of that advice in an amended entry. Thus the Magistrate Judge distinguished *Crangle* in the Supplemental Report on this basis (ECF No. 31, PageID 3659). The Supplemental Report also accepted the Respondent's argument that *Crangle* could not overrule *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007), and *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012), which are prior published decisions of the Sixth Circuit.

Having reconsidered the matter in light of the Objections, the Magistrate Judge WITHDRAWS the recommendation to dismiss Grounds One through Eighteen as untimely. Judge Sutton wrote both *King* and *Stansell* and he was a member of the panel that issued the per curiam decision in *Crangle*. While he had said in *King* that the court did not question the continued validity of *Bachman* on the limitations question, in *Crangle* he joined an opinion that found *Bachman* had been abrogated by *Magwood* and *King*. *Crangle* also concluded that *King* abrogated *Mackey v. Warden*, 525 F. App'x

357 (6th Cir. 2013), a case arising from this Court on the same limitations question.  It is unlikely that the three panels which all included Judge Sutton failed to consider the interaction of those decisions.

The Magistrate Judge now believes this Court should not second-guess the Sixth Circuit's decision in *Crangle* by limiting it to post-release control corrections that impose a "worse-than-before" sentence.  The language of *Crangle's* holding does not make that distinction.  Therefore we should apply the *Crangle* holding as stated and overrule the Warden's statute of limitations defense.

Moreover, the statute of limitations is not a jurisdictional bar.  *McClendon v. Sherman,* 329 F.3d 490 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Therefore deciding the merits of the first eighteen grounds for relief will not be a vain act, as it would be to decide any of the merits questions in a second-or-successive application.  Should the Sixth Circuit decide on appeal that an amended judgment such as Brown's does not restart the limitations period, it will be able to consider our holding on the merits without a remand.

The Warden has raised procedural default defenses to a number of Brown's claims. Because it is simpler to deal directly with the merits and doing so does not prejudice the Warden, the Magistrate Judge has chosen that course.

**The Merits**

**Ground One:  Speedy Trial**

In his First Ground for Relief, Brown asserts he was denied his Sixth and Fourteenth Amendment rights to a speedy trial and speedy sentencing (Petition, ECF No. 4, PageID 266.)  The Warden notes Brown raised this claim in his prior habeas petition in this Court and it was decided adversely to him (Report and Recommendations in *Brown v. Brunsman*, Case No. 3:08-cv-477,

8

ECF No. 13-1, PageID 1180-82; adopted at PageID 1200-01).

Brown presented a speedy trial claim on direct appeal to the Second District, but it was limited to a claim under Ohio Revised Code § 2945.71 and rejected on that basis. *State v. Brown*, 2007-Ohio-2098, 2007 Ohio App. LEXIS 1954 (2nd Dist. Apr. 27, 2007). In his Reply Brown argues there should be no deference to the Second District's conclusion because that court acted without jurisdiction, based on Brown's claim that the original judgment of conviction (March 9, 2006) was not a final appealable order (ECF No. 21, PageID 3074). He makes the same objection to deferring to this Court's own prior decision on the merits. *Id.*

Brown raised this claim in the Second District Court of Appeals which rejected it. *State v. Brown*, Case No. 21540 (2nd Dist. Jan. 8, 2013)(copy at ECF No. 13-2, PageID 1677 et seq.). The question of what constitutes a final appealable order in Ohio is obviously a question of state law on which this Court is bound by state court decisions in point. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The doctrine of *res judicata* does not strictly apply in habeas corpus, so that doctrine does not bar consideration of Ground One on the merits. However, Judge Black's adoption of Magistrate Judge Ovington's Report on this Ground for Relief does establish the law of the case on the speedy trial question, reinforced by the Sixth Circuit's refusal to grant a certificate of appealability on any of the issues in the case. Denial of a certificate of appealability becomes the law of the case, binding in subsequent stages of the litigation. *Dillimgham v. Jenkins*, Case No. 17-3813 (6th Cir. Nov. 8,2017)(unreported; copy at ECF No. 65 in 3:13-cv-468), citing *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017).

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142 at *6 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

"Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*, *citing Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436 (1912); *see also Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995). "While the 'law of the case' doctrine is not an inexorable command, a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967), quoted approvingly in *Ass'n of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271 (6th Cir. 1995). The doctrine applies with equal force to the decisions of coordinate courts in the same case and to a court's own decisions. *Christianson v. Colt Industries,* 486 U.S. 800, 816 (1988).

The purpose of the doctrine is twofold: (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts. *United States v. Todd*, 920 F.2d 399 (6th Cir. 1990), *citing* Moore's Federal Practice. A generally liberal view is expressed in *Gillig v. Advanced Cardiovascular Systems, Inc*. 67 F.3d 586 (6th Cir. 1995).

> We generally will not disturb these [prior holdings] unless there is '(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Entm't Prods., Inc. v. Shelby Cnty.*, 721 F.3d 729, 742 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 906, 187 L. Ed. 2d 778 (2014) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009))

*Howe v. City of Akron*, 801 F.3d 718, 741 (6th Cir. 2015).

Brown has shown no reason to abandon the law of the case as established here. Therefore Ground One should be dismissed on the merits with prejudice on the same basis as Judges Ovington and Black previously dismissed Brown's speedy trial claim.

**Ground Two: Denial of Access to Court**

In his Second Ground for Relief, Brown asserts he was denied access to the courts in violation of the First and Fourteenth Amendments when his notice of appeal did not get to the court of appeals in time although he had deposited it in the institutional mail system in a timely manner.

Brown asserts he raised this issue in a motion for reconsideration filed in the Second District Court of Appeals and denied by that court July 11, 2011(Petition, ECF No. 4, PageID 267). Examination of that decision shows that the Second District did indeed dismiss an appeal by Brown on that date because it had been filed untimely.[2] Brown moved to reconsider on the grounds the

---

[2] *State v. Brown*, Case No. CA 24658, available online at http://www.clerk.co.montgomery.oh.us, visited February 26, 2018.

Notice of Appeal had been filed May 24, 2011. Upon reconsideration, the Second District again found the notice of appeal was untimely, having been filed thirty-six days after the order appealed from.[3] Brown's motion for reconsideration had not claimed he deposited the notice of appeal in the prison mailing system before the time expired, so he certainly did not present to the Second District the claim he makes here that he was deprived of his constitutional right of access to the courts by not having the notice counted as timely.

In the federal courts, filing by an incarcerated person is complete upon deposit in the prsion mailing system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). However, the mailbox rule is not binding on the States. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000). Ohio has refused to adopt the mailbox rule. *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive.) Assuming the truth of Brown's claim that he deposited the notice of appeal in the prison mail system before the due date, it did not arrive in time and the Second District did not violate Brown's constitutional rights in refusing to accept it.

**Ground Three: Improper Treatment of Motion to Dismiss**

In his Third Ground for Relief, Brown claims he was denied due process and equal protection of the laws when the Common Pleas Court treated his Motion to Dismiss as a motion for post-conviction relief under Ohio Revised Code § 2953.21. The Warden asserts this Ground does not plead any constitutional basis.

---

[3] *State v. Brown*, Case No. CA 24658, available online at http://www.clerk.co.montgomery.oh.us, visited February 26, 2018.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Brown fails to explain how this treatment deprived him of any constitutional right. On appeal from the trial court's order, the Second District agreed with treating the Motion to Dismiss as a petition for post-conviction relief. *State v. Brown, supra*, at n. 2. This decision by the Second District on a question of Ohio law – how to characterize a motion such as the one Brown filed – is binding on this Court. Brown points to no decision of the United States Supreme Court or the Sixth Circuit to the contrary. Merely putting a constitutional label on a state law claim does not elevate it to the status of a claim cognizable in habeas corpus.

Ground Three should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Four:  Incompleteness of the State Court's Judgment**


In his Fourth Ground for Relief, Brown asserts the trial court "failed to dispose of all charges pending against Petitioner in the single case before the trial court's judgment with respect to any charged was final."

This claim also does not state a constitutional violation and should be dismissed on the

same basis as Ground Three.

## Ground Five:  Second District's Failure to Comply with Ohio R. App. P. 12(A)(1)(c)

On its face, this Ground for Relief raises only a state law claim and should be dismissed on the same basis as Ground Three.

## Ground Six:  Second District Failure to Vacate Illegal Sentence

In his Sixth Ground for Relief, Brown claims the Second District violated his constitutional rights to Due Process when it failed to vacate the sentence it regarded as illegal.

In the many cases dealing with Ohio inmates re-sentenced to impose or announce orally the imposition of post-release control, some of which are cited above, the Sixth Circuit has never suggested that Ohio has a constitutional obligation to vacate either the entire sentence or the entire conviction.  Since at least *State v. Fischer*, 128 Ohio St. 3d 92 (2010), Ohio has followed the practice of vacating as void only that portion of the criminal judgment dealing (or not dealing) with post-release control and the Sixth Circuit has not questioned the constitutionality of that process.  Thus Brown has failed to show the failure to completely vacate the judgment violated a constitutional right as clearly established by the Supreme Court.

Ground Six should be dismissed as without merit.

**Ground Seven:  Denial of Equal Protection in Second District's Denial of Reconsideration**


In his Seventh Ground for Relief, Brown claims the Second District denied him equal protection of the laws when it denied reconsideration of its January 8, 2013, decision.  The denial of reconsideration appears at State Court Record, ECF No. 13-2, PageID 1689-90.  Brown has failed to plead, much less demonstrate, that in denying reconsideration here the Second District treated him differently from any other similarly situated litigant.  Such adverse differential treatment is necessary to state a claim for relief under the Equal Protection Clause.  Ground Seven should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Eight:  Lack of Appellate Jurisdiction**


In his Eighth Ground for Relief, Brown claims the Second District acted without subject matter jurisdiction and thereby deprive him of his Fourteenth Amendment right to due process when "it heard an appeal and decided the trial court imposed a sentence on each count in accordance to [sic] law."

As the Magistrate Judge reads this claim, it is that the Second District erred when it found that the trial court had imposed a sentence on each count of conviction.  A state appellate court charged with reviewing a trial court judgment does not lose its jurisdiction when it makes a mistake, e.g., by incorrectly interpreting the judgment that it is reviewing.

Ground Eight should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Nine:  Lack of Appellate Jurisdiction**


In his Ninth Ground for Relief, Brown asserts the Second District did not have jurisdiction over his first direct appeal because his sentence was not "final" at the time.

As stated above under Ground One, the question of what constitutes a final appealable order is a question of state law, not federal law.  The Ohio courts decided this issue adversely to Brown and his claim that they were wrong in doing so does not state a claim upon which habeas corpus relief can be granted.  To put it another way, the United States Supreme Court has never "constitutionalized" Ohio's final appealable order rule.,

Ground Nine should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Ten:  Lack of Appellate Jurisdiction**


In his Tenth Ground for Relief, Brown incorporates by reference the arguments made and facts asserted in Grounds Five through Nine.  Thus Ground Ten is surplusage and should be dismissed as such.


**Ground Eleven:  Equal Protection Violation by Second District**


In his Eleventh Ground for Relief, Brown asserts he was denied equal protection of the laws when he was treated differently than criminal defendants in *State v. Johnston*, 2013-Ohio-4401, 2013 Ohio App. LEXIS 4636 (2nd Dist. Sept. 30, 2013), and *State v. Sanchez*, 2009-Ohio-813 (2nd

Dist. Feb. 23, 2009).

Having considered both cited cases, the Magistrate Judge is unable to perceive any way in which those two appellants were treated more favorably than Brown. In particular, the Magistrate Judge notes that relief in *Sanchez* was granted on joint motion of Sanchez and the State.

Ground Elven should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Twelve: Denial of Fundamental Fairness and Abuse of Discretion in Second District's Failure to Certify the Record to the Supreme Court**

In his Twelfth Ground for Relief, Brown asserts the Second District denied him fundamental fairness and abused its discretion when it refused to certify the record in his case to the Ohio Supreme Court under Article IV, § 3(B)(4). Brown does not state any supporting facts, but purports to incorporate by reference the statement of facts in his Memorandum in Support of Jurisdiction in Ohio Supreme Court Case No. 2014-0254 (Petition, ECF No. 4, PageID 277).

In the referenced Memorandum in Support of Jurisdiction, Brown argued to the Ohio Supreme Court that the Second District's decision of December 6, 2013, was in conflict with a decision of the Fourth District Court of Appeals which he does not cite (State Court Record, ECF No. 13-2, PageID 1810). The Ohio Supreme Court declined to accept jurisdiction without any explanation (ECF No. 13-2, PageID 1822).

Article IV, § 3(B) of the Ohio Constitution permits a court of appeals to certify the record in a case to the Ohio Supreme Court when their judgment in a case "is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state. . . ." In his Motion to Certify, Brown cited a number of decisions of the Fourth District Court of Appeals which he

claimed were in conflict (State Court Record, ECF No. 13-2, PageID 1773).  In denying the Motion to Certify, the Second District found that in none of the cited cases had there actually been a judgment of the Fourth District, a conflicting judgment being a required predicate for certification. *State v. Brown*, Case No. 21540 (2nd Dist. Dec. 6, 2013)(unreported; copy at State Court Record, ECF No. 13-2, PageID 1786-88).

There is no Ohio constitutional right to have a conflict between decisions of two appellate courts.  Rather Article IV, §3(B) provides a mechanism whereby the Ohio Supreme Court can, if it chooses, resolve a conflict between two appellate courts.  There is, more importantly, no clearly established federal constitutional right to have a state supreme court resolve conflicts between two intermediate appellate courts.

There is no federal constitutional right to appeal criminal verdicts for error review.  *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005).  "Due process does not require a State to provide appellate process at all."  *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

An allegation that a state court judge has abused his or her discretion in making a decision does not state a claim for relief in habeas.  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Therefore Ground Twelve should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Thirteen:  Failure to Pronounce Sentence in the Presence of the Defendant**

In his Thirteenth Ground for Relief, Brown claims that the sentence pronounced in open court was not the same as the sentence imposed in the termination entry.  The Magistrate Judge presumes

the gravamen of this claim is that the five-year term of post-release control was included in the original termination entry but not pronounced in open court. Assuming that this states a claim for habeas corpus relief, Brown has already received an adequate remedy when the Second District remanded for oral pronouncement of the post-release term and then Judge Wiseman complied with that mandate. To the extent Brown's claim is that he was entitled to be present in person at the resentencing, rather than by video, that claim is dealt with in Ground Nineteen, *infra*. Ground Thirteen should be dismissed as moot.

**Ground Fourteen: Lack of Finality When Speedy Trial Motion Denied**

As best the Magistrate Judge can tell, Brown's Fourteenth Ground is that denial by the trial court of his motion to dismiss on speedy trial grounds was not final and appealable during his first direct appeal because the termination entry did not yet contain the post-release control term. As noted above, the question of what is a final appealable order under Ohio law is itself a question of Ohio law. Failure to comply with the final appealable order rule does not constitute a federal constitutional violation. Ground Fourteen should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Fifteen: Due Process Violation in Overruling Motion to Dismiss**

In his Fifteenth Ground for Relief, Brown claims he was denied due process when the Second District overruled his Motion to Dismiss which claimed he was entitled to be present when sentence was pronounced. Brown does not explain this claim in the Petition, but refers this Court

to his April 1, 2016, Memorandum in Support of Jurisdiction in the Ohio Supreme Court (State Court Record, Ex. 124, ECF No. 13-3, at PageID 1913, et seq. Those pages consist of a chronology of events in the case beginning with the indictment; they include many "incorporations by reference" to other documents in the file.

As best the Magistrate Judge can tell, Brown is complaining in this Ground Fifteen that the Second District, when it reversed and remanded for the oral advice of post-release control without vacating the entire judgment, violated his due process rights.

No clearly established federal law mandates that a state appellate court vacate an entire criminal judgment when it vacates a portion of the judgment to allow a correction to comply with mandatory state sentencing law. Ground Fifteen should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Sixteen: Equal Protection Violation in Overruling Motion to Dismiss**


Brown relies on the same supporting facts for Ground Sixteen as he did for Ground Fifteen. The Magistrate Judge recommends it be dismissed on the same basis.


**Ground Seventeen: Due Process Violation in Failure of Second District to Make Threshold Appealability Decision**


In his Seventeenth Ground for Relief, Brown asserts he was deprived of due process of law when the Second District did not *sua sponte* determine whether it did or did not have jurisdiction of the initial direct appeal before proceeding to decide the merits. As part of his claim, Brown asserts the Second District was required to determine whether the March 2006 termination entry

was a final appealable order "as the law exist[ed] at the time the entry is appealed whether either party raise[es] a jurisdictional issue or not."

It is not clearly established by any United States Supreme Court precedent that a state appellate court must *sua sponte* raise and decide the issue of its own jurisdiction, much less embody that finding in a written decision, before it proceeds to decide a case presented to it. Ground Seventeen should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Eighteen:  Lack of a Final Appealable Order until July 11, 2014**

In support of his Eighteenth Ground for Relief, Brown incorporates by reference page 13 of his Memorandum in Support of Jurisdiction in the Ohio Supreme Court (ECF No. 13-3, PageID 1929) and the supporting facts for Ground Fifteen.

As already stated many times in this Report, the question of whether a trial court entry in an Ohio Common Pleas Court is a final appealable order under Ohio law is a question purely of Ohio law.  Ground Eighteen should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Nineteen:  Unconstitutional Failure to Provide Physical Presence at Resentencing**

In his Nineteenth Ground for Relief, Brown asserts he was deprived of liberty, due process, and equal protection when he was not transported to be personally present for the resentencing hearing at which Judge Wiseman orally advised him of the five-year term of post-release control.

Brown had raised this claim in the Second District on appeal from the resentencing and that court had decided it adversely to him. In the original Report, the Magistrate Judge concluded the Second District's decision was not an unreasonable application of *Snyder v. United States*, 291 U.S. 97 (1934), and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1)(Report, ECF No. 26, PageID 3628-29). On the initial recommittal, the Magistrate Judge adhered to that conclusion (Supp. Report, ECF No. 31, PageID 3660).

Brown objects that a trial court is required by Ohio R. Crim. P. 43 to obtain a signed waiver of physical presence and this omission is not cured by Ohio Revised Code § 2929.191 where the defendant objects prior to the hearing (Objections, ECF No. 32, PageID 3676). The cited statute is the Ohio General Assembly's effort to provide a mechanism for these remands to impose post-release control and specifically authorizes video conferencing appearance on the trial court's own initiative whether or not a defendant consents. In any event, resolving any apparent conflict between Ohio R. Crim. P. 43 and Ohio Revised Code § 2929.191 is a question of Ohio law, not federal constitutional law.

Brown also objects to the Magistrate Judge's reliance on *Snyder, supra*, and argues the relevant Supreme Court precedent is *Kentucky v. Stincer*, 482 U.S. 730 (1987), and *Hicks v. Oklahoma*, 447 U.S. 343 (1980).

In *Stincer*, the Supreme Court held that a defendant in a sex offense case had no right under either the Confrontation Clause or the Due Process Clause to be personally present during the competency hearing for two young girls who were victim witnesses. The Second District's decision on Brown's claim is an objectively reasonable application of *Stincer* in that Brown's interest in being personally present at the resentencing hearing is substantially less than the interests of Stincer in being present at the competency hearing.

In *Hicks*, the Supreme Court held that a defendant's liberty interest in having a jury fix his sentence was not merely a matter of state procedural law but protected by the Due Process Clause of the Fourteenth Amendment where the provision of Oklahoma's habitual offender statute under which the jury had been instructed to impose a particular sentence had later been declared unconstitutional. *Hicks* has no application to the question of whether a defendant is entitled to be present in person for a resentencing.

Accordingly, the Magistrate Judge again respectfully recommends that Ground Nineteen be denied on the merits.

**Ground Twenty:  Unconstitutional Application of *Res Judicata***

In his Twentieth Ground for Relief, Brown complains of the denial of his First Supplemental Assignment of Error on appeal from re-sentencing on the basis of *res judicata.*  The original Report found that as pleaded the Twentieth Ground for Relief did not state a cognizable claim because it relied on Ohio and Federal Rules of Criminal Procedure 43.  The latter rule has never applied to state criminal proceedings and violation of the former rule was not presented to the state court as a constitutional question (Report, ECF No. 26, PageID 3629-30).

Brown objected that he had intended to include Ohio Rule 43 in his Petition, but had omitted it as a result of typographical error which this Court was bound to excuse.  The Supplemental Report concluded that inserting the Ohio Rule would not make a difference because failure to abide by state law is not a federal constitutional violation (Supp. Report, ECF No. 31, PageID 3661).

Brown objects on the basis of *Hicks v. Oklahoma, supra*, which is certainly a case in which

the United States Supreme Court held that a particular state criminal procedural rule created a liberty interest protected by the Due Process Clause. Brown also relies on *Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010)(quoting *Barclay v. Florida*, 463 U.S. 939, 957-58 (1983)), and *Carter v. Mitchell*, 693 F.3d 555 (6th Cir. 2012).

In *Carter*, the Sixth Circuit held that the trial court's use, in a capital case, of nonstatutory aggravating factors in deciding the sentence implicated the Eighth Amendment "because the statutory aggravating factors play the 'constitutionally necessary function' of circumscribing the class of persons eligible for the death penalty. . ." and the Due Process Clause because "'a defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process.'" (quoting *Gardner v. Florida*, 430 U.S. 349, 358 (1977). The *Carter* court relied on *Hoffner* for the general proposition that "[s]tate law errors may warrant *habeas* relief if the errors "rise for some other reason to the level of a denial of rights protected by the United States Constitution.'" 693 F.3d at 562.

There are probably thousands of Ohio criminal procedural rules when one considers the statutes, the Rules of Criminal Procedure prescribed by the Ohio Supreme Court under the Modern Courts Amendment, and the rules announced in various cases. Certainly some of those rules protect rights arising from the United States Constitution. For example, Ohio rules providing for the appointment of counsel protect the Sixth Amendment right to be represented by counsel in any case where there is a possibility of jail time. See *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).

But the Sixth Circuit and Supreme Court have held that not all those procedural rights are elevated to a constitutional level. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). Federal habeas corpus has long been available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Since adoption of the Antiterrorism and Effective Death Penalty Act of 1996, the authority of habeas courts has been further limited to granting relief only if a state court judgment violates a right as clearly established by precedent of the United States Supreme Court. In other words, habeas courts may not consider constitutional questions de novo.

While Brown has pointed to Supreme Court precedent which decides as a general matter that a violation of state criminal procedural law may rise to a constitutional level, he has pointed to no such precedent which holds that the Ohio law on personal presence at sentencing creates a constitutional right which is violated when a state court applies its res judicata doctrine to decide a question or that forbids a state from using video conferencing to procure a defendant's participation in a hearing just because that method was not authorized when the defendant was first sentenced.

The Twentieth Ground for Relief should be dismissed on the merits for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Twenty-One:  Failure to Conduct a De Novo Sentencing Hearing**


In his Twenty-First Ground for Relief, Brown claims he was deprive of liberty, due process, and equal protection when the trial court imposed post-release control without conducting a de novo sentencing hearing.  In denying this claim, the Second District relied on *State v. Fischer*, 128 Ohio St. 3d 392 (2010), and Brown argued this violated the constitutional prohibition on ex post facto laws, relying on *Miller v. Florida*, 482 U.S. 423 (1987).  The Report distinguished *Miller* as having dealt with a change made by the legislature and Brown objected, relying on *Rogers v. Tennessee*, 532 U.S. 451 (2001); *Bouie v. South Carolina*, 378 U.S. 347 (1964); and *Weaver v. Graham,* 450 U.S. 24 (1981).  The Supplemental Report concluded:

> None of this case law supports Brown's claim. Fischer did not expand basic criminal liability at all. Instead it clarified what disposition the Ohio courts must make of cases where post-release control was not properly imposed. This clarification cannot be said to violate anyone's right to fair notice of what conduct the State will punish criminally. To put it another way, a person in Brown's position has no reliance interest in a particular interpretation of what must be done on remand in a post-release control case; no primary ("on the street") conduct of the criminal defendant can possibly be affected by this change.

(ECF No. 31, PageID 3664.)

Brown objects, relying on *Lancaster v. Metrish,* 683 F.3d 740 (6th Cir. 2012).  Brown neglects to advise the Court that Lancaster was unanimously reversed on the point for which it is cited by *Metrish v. Lancaster*, 569 U.S. 351 (2013).  Lancaster had complained in habeas that the Michigan Supreme Court's abolition of the diminished capacity defense had been applied to him retroactively when he was retried for homicide; the defense had been available at his first trial. Justice Ginsburg concluded that the retroactive application of this decision was not an unreasonable application of *Rogers* or *Bouie*.

Brown claims he had a reliance interest in the law on resentencing as it existed before *Fischer*, but fails to explain how that can be possible, i.e., what he did or could have done in reliance on the pre-*Fischer* state of the law (Objections, ECF No. 32, PageID 3683). *Fischer* certainly did not expand criminal liability in the way the state supreme court decision at issue in *Bouie* had. That is, it did not make any primary conduct by a person to be subject to criminal punishment that had not been thus subject before.

**Order to the Clerk**

At the request of the Petitioner (ECF No. 32, PageID 3684), the Clerk is ordered to furnish Petitioner with a copy of the Petition herein at no cost to him and to docket the fact of mailing.

**Conclusion**

Having reconsidered the matter as directed, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice, that the Court deny a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 27, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).