# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

                Petitioner,            :     Case No. 3:17-cv-080

     - vs -                                   District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,
                                     :
               Respondent.

# SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner Brown's Objections (ECF No. 38) to the Magistrate Judge's Second Supplemental Report and Recommendations (ECF No. 34). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 39). For the reader's convenience, all Magistrate Judge analysis and recommendations will be combined in this Substituted Report so that prior Reports need not be separately consulted.

**Procedural History**

This case arises out of incidents that occurred at the Dayton Motor Hotel on May 15-16, 2005. In September 2005, the Montgomery County Grand Jury reindicted Brown on one count of aggravated robbery with a firearm specification, two counts of felonious assault with firearm

specifications, one count of having weapon while under disability, one count of tampering with evidence, one count of kidnapping with a firearm specification, and one count of aggravated burglary with a firearm specification. (State Court Record, ECF No. 13, PageID 541.) At a jury trial in February 2006, Brown was convicted of both counts of felonious assault, aggravated burglary with the firearm specification, having weapons under disability, and tampering with evidence. *Id.* at PageID 556. After motions for new trial and acquittal were denied, Judge John Kessler, to whom the case was then assigned, sentenced Brown to a total of nineteen years of imprisonment.

Brown appealed to the Second District Court of Appeals which affirmed. *State v. Brown,* No. 21540, 2007-Ohio-2098, 2007 Ohio App. LEXIS 1954 (2nd Dist. Apr. 27, 2007), appellate jurisdiction declined, 115 Ohio St. 3d 1421 (2007).

In August 2007, Brown filed an application to reopen his direct appeal under Ohio R. App. P. 26(B) to raise a claim of ineffective assistance of appellate counsel based on the omission of seven assignments of error. The Second District denied the application as untimely and the Ohio Supreme Court denied review (State Court Record ECF No. 13, PageID 755-56; 804).

Several months later Brown filed a delayed petition for post-conviction relief under Ohio Revised Code § 2953.21. By this time Judge Kessler had retired and been replaced by Judge Mary Wiseman. She denied the post-conviction petition February 7, 2008 (Decision, State Court Record ECF No. 13, PageID 870-73). The Second District affirmed the denial and the Ohio Supreme Court again denied review. *Id.* at PageID 929-33, 969.

On December 22, 2008, Brown filed a Petition for Writ of Habeas Corpus in this Court, raising fifteen grounds for relief. *Brown v. Brunsman*, Case No. 3:08-cv-477 ("*Brown I*"). District

Judge Timothy Black dismissed the Petition and denied a certificate of appealability in May 2012 (*Brown I*, ECF No. 78). The Sixth Circuit Court of Appeals also denied a certificate of appealability near the end of 2012, terminating the first habeas case.

From that point forward, Brown raised a number of claims in different ways generally addressing asserted deficiencies in the Common Pleas Court's judgment entry. The history of these efforts, all of which were made *pro se*, is detailed in the Return of Writ (ECF No. 14, PageID 2953-62). Only one of these efforts bore any fruit favorable to Brown's position: on appeal from denial of Brown's May 3, 2012, Motion to Vacate Void Judgment, the Second District held Judge Kessler had erred in failing to advise Brown orally of the five-year term of post-release control to which he would be subject when he completed his term of imprisonment. *State v. Brown*, No. 25653 (2nd Dist. Jun 13, 2014)(ECF No. 13, PageID 1567-78.) The case was remanded so that the oral advice could be given. *Id.* at PageID 1578. On July 11, 2014, Judge Wiseman gave Brown the required oral advice (Memorialized at State Court Record, ECF No. 13-3, PageID 2033-35). She also entered an Amended Termination Entry with the five-year PRC term in it. *Id.* at PageID 2029-32. Although Brown appealed, the Second District affirmed and the Ohio Supreme Court again denied review (State Court Record, ECF No. 13-3, PageID 2111-20, 2207).

Brown filed this, his second habeas corpus application, on March 9, 2017 (ECF No. 4). He pleads the following twenty-one grounds for relief:

> **Ground One:** Sixth and Fourteenth Amendment Violation to a Speedy Trial and Speedy Sentencing.
>
> **Supporting Facts:** Petitioner was arrested on July 11, 2005. Petitioner was indicted on August 9, 2005. Petitioner plead [sic] "not guilty" at a preliminary hearing. Petitioner Filed a motion to dismiss for speedy trial violation on December 9, 2005, however,

the court denied the motion. Petitioners' [sic] trial was not complete until officially convicted and sentenced on July 11, 2014.

**Ground Two:** Petitioner was denied access to the Court in violation of the First and Fourteenth Amendment.

**Supporting Facts:** Petitioner signed a cash slip for postage and deposited said cash slip and Notice of Appeal into the institutional mail system, however, said notice of appeal did not make it to the court in a timely fashion. Once Petitioner placed the mail in the mail system it was out of his hands. Nevertheless, Petitioner lost his right to appeal the trial court's decision and entry.

**Ground Three:** Petitioner was denied his rights to the Clauses of Due Process and Equal Protection when Petitioners' [sic] Motion to Dismiss was found to be considered a post-conviction relief petition.

**Supporting Facts:** Petitioner filed a Motion to Dismiss requesting an evidentiary hearing of the trial court[']s denial of the December 9, 2005 motion, because there had not be [sic] a final judgment of conviction and sentence rendered in the case.

**Ground Four:** The trial court failed to dispose of all charges pending against Petitioner in the single case before the trial court's judgment with respect to any charge was final.

**Supporting Facts:** Petitioners' [sic] conviction and sentence was not completed until July 11, 2014. Petitioner filed a Motion for Reconsideration of a denial of a speedy trial violation. However, the motion was filed before a final judgment was rendered.

**Ground Five:** Petitioners' [sic] rights to the Federal Due Process Clause was violated when the Ohio Court of Appeals failed to comply with App.R. 12(A)(1)(c).

**Supporting Facts:** The Court of Appeals passed on Petitioners' [sic] first assignment of error on page 2 of the Petitioners' [sic] Motion to Vacate. See Statement of the facts on pages, 6-8 of Memorandum In Support of Jurisdiction, Case No. 2013-0553.

**Ground Six:** Court of Appeals violated Federal Due Process of Law and Fundamental Fairness of the proceedings when it failed to vacate the sentence it considered illegal.

**Supporting Facts:** The trial court's termination entry reflected a sentence that was not pronounced in the presence of the Petitioner. The appellate court recognized that the sentence is illegal, however, refused to vacate the sentence and void entry.

**Ground Seven:** Court of Appeals denied Petitioner Equal Protection of the Law when it denied Petitioners' [sic] Motion for Reconsideration of the appellate court's January 8, 2013 decision and entry.

**Supporting Facts:** Petitioners' [sic] termination entry did not reflect the manner of conviction or a sentence for all the charges like other defendant's, however, the court failed to vacate Petitioners' [sic] judgment of conviction and sentence, as the law existed at the time Petitioner was tried and sentenced.

**Ground Eight:** Court of Appeals lacked subject-matter jurisdiction and violated Petitioners' [sic] Federal procedural due process rights when it heard an appeal and decided the trial court imposed a sentence on each count in accordance to law.

**Supporting Facts:** The trial court failed to sentence Petitioner on each and every charge in accordance to Criminal Rule 32, and modified the trial court termination entry to reflect a five-year sentence of post-release control outside of the presence of the Petitioner.

**Ground Nine:** Where a Court of Appeals hears and decides a case in which it lacked subject-matter jurisdiction, that Courts' [sic] proclamation is void and must be vacated.

**Supporting Facts:** The court of appeals heard Petitioners' [sic] appeal on April 27, 2007, however, said court remanded Petitioners' [sic] case back to the trial court in 2014 for resentencing. Petitioners' [sic] sentence was not a final sentence at the time it was appealed to the appellate court.

**Ground Ten:** Petitioner was deprived of his liberty, and his rights to the Federal due process and equal protection clauses when the appellate court denied Petitioners' [sic] Motion to Vacate Judgment, where it lacked jurisdiction over the subject-matter to review the merits of the appeal and affirm the trial court judgment where the trial court's termination entry fails to include a conviction and a sentence required by law.

**Supporting Facts:** Petitioner reallege[s] and incorporate[s] by reference supporting facts from Grounds Five-Nine, and the statement of the facts from pages 7-11 of Petitioners' [sic] Memorandum in Support of Jurisdiction, Case No. 2013-1921.

**Ground Eleven:** Petitioner was denied due process and equal protection of Federal law when it denied Petitioner relief where it granted relief to others, in the same situation.

**Supporting Facts:** The court of appeals after denying Petitioner relief on April 17, 2013 held in State v. Johnston, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, that State v . Sanchez, 2d Dist. Greene 2006-CA-154, 2009-Ohio-813, is law when the trial court fails to dispose of each charge in the defendant's case.

**Ground Twelve:** Petitioner was denied Fundamental Fairness of the proceeding and the appellate court abused it judicial discretion when it failed to certify the record to the Ohio Supreme Court for review and final determination pursuant to Article IV, Section 3(B)(4).

**Supporting Facts:** Petitioner reallege[s] and] incorporate[s] by reference the statement of the case, and statement of the facts of Petitioners' [sic] Memorandum in Support of Jurisdiction [sic], pages, 6-9, in Case No. 2014-0254.

**Ground Thirteen:** Sixth and Fourteenth Amendment violation to Criminal Rule 43(A), where sentence was not pronounced in the presence of Petitioner.

**Supporting Facts:** Petitioners' [sic] termination entry differed from the sentence pronounced from the bench by the trial judge.

**Ground Fourteen:** Motion to Dismiss was an interlocutory order where a sentence remains to be imposed for a final judgment of post-release control as the law existed prior to the effective date of R.C. § 2929.191.

**Supporting Facts:** Petitioner filed a motion to dismiss for speedy trial. The trial court denied the motion Petitioner appealed the judgment. The court of appeals affirmed. Petitioners' [sic] trial court judgment did not become final until July 15, 2014. However, Petitioner filed a Motion for Reconsideration of the trial court's denial of the speedy trial motion prior to the judgment becoming final.

**Ground Fifteen:** Petitioner was deprived of his liberty without due process of law when the appellate court overruled Petitioners' [sic] Motion to Vacate Judgment relying on a previous judgment that cited *State v. Fischer*, 128 Ohio St.3d 92 where Petitioner raised a Crim.R. 43(A) due process violation where sentence was not pronounced in the presence of the Petitioner at the sentencing hearing but was later modified in the termination entry journaled on March 9 2006 as the law existed at the time of the entries journalization.

**Supporting Facts:** Petitioner realleges[s] and incorporate[s] by reference the statement of the case and facts on pages 5-9 of Petitioners' [sic] Memorandum in Support of Jurisdiction filed April 11, 2016 in Case No. 2016-0535.

**Ground Sixteen:** Petitioner was deprived of his liberty without Equal Protection of the I.aw when the appellate court overruled Petitioners' [sic] Motion to Vacate, Application for Reconsideration, and Motion for leave to Amend Application for Reconsideration after it determined the March 9, 2006 termination entry sentence of post-release control was void as the trial court failed to verbally advise Mr. Brown as to the five-year mandatory nature of the post-release control.

**Supporting Facts:** Petitioner believes that a Miscarriage of Justice has taken place. Petitioner realleges[s] and incorporate[s] by reference the supporting facts in Ground Fifteen.

**Ground Seventeen:** Petitioner was deprived of his liberty without due process when the appellate court failed to *sua sponte* threshold address the jurisdictional matter.

**Supporting Facts:** Petitioner believes that the appellate court is required by law to determine whether the trial court's termination entry is a final appealable order as the law exist at the time the entry is appealed whether either party raise a jurisdictional issue or not.

**Ground Eighteen:** Petitioner was deprived of his liberty without due process of law where the trial court's March 9, 2006 termination entry was an interlocutory judgment/interlocutory order until finalized on July 11, 2014, and the appellate court's affirmation of the trial court's termination entry on April 27, 2007 was an interlocutory appeal until finalized on said date.

**Supporting Facts:** Petitioner realleg[es] and incorporate[s] by reference page 13 of Memorandum in Support of Jurisdiction, Case No. 2016-0535. Petitioner also realleg[es] supporting facts and incorporate[s] by reference Ground Fifteen.

**Ground Nineteen:** Petitioner was deprived of his Federal Rights to Liberty, Due Process and Equal Protection of the Law when the Court of Appeals overruled Petitioner's request to be conveyed to be physically present at re-sentencing hearing and where he objected to the hearing proceeding by video conference.

**Supporting Facts:** Petitioner realleg[es] and incorporate[s] by reference as supporting facts pages, 7-8 of the statement of the case and facts of Memorandum in Support of Jurisdiction, Case No. 2016-0083.

**Ground Twenty:** Equal Protection of the Law when the Court of Appeals overruled Petitioners' [sic] assignment of error as res judicata where the trial court termination entry violated Federal Criminal Rule 43(A), as it exi[s]ted in law on March 9, 2006, as the five-year period of post-release control reflected in the entry was not pronounced in the presence of Petitioner at his original sentencing hearing.

**Supporting Facts:** Petitioner realleg[es] and incorporate[s] by reference as supporting facts the supporting facts of Ground Nineteen.

**Ground Twenty One:** Petitioner was deprived of his Federal Rights to Liberty, Due Process and Equal Protection of the Law when the Court of Appeals overruled Petitioners' [sic] assignment of error where the trial court imposed post-release control without conducting a de novo sentencing hearing mandated by decisions of the Ohio Supreme Court.

**Supporting Facts:** Petitioner realleg[es] and incorporate[s] by reference as supporting facts pages, 12-14 of Proposition of Law No. III of Memorandum in Support of Jurisdiction in Case No. 2016-0083.

(Petition, ECF No. 4, PageID 265-87.)

# Analysis

**Is the Petition Second-or-Successive?**


The instant Petition is Brown's second-in-time habeas application attacking his current custody and arising out of the same conviction. Respondent argues that the Petition is second-or-successive and therefore Brown requires permission from the Sixth Circuit under 28 U.S.C. § 2244(b) before he can proceed (Return of Writ, ECF No. 14, PageID 2967-70).

Upon the filing of a habeas petition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make an initial analysis to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," in which case "the judge must dismiss the petition and direct the clerk to notify the petitioner."

In performing the initial review in this case, the Magistrate Judge noted the prior case (*Brown I*), but also noted the Amended Termination Entry and initially concluded Brown's "situation parallels that of the petitioner in *In Re Stansell*, 828 F.3d 412 (6th Cir. 2016)." At least for purposes of initial review, the Magistrate Judge concluded, on the basis of *Stansell*, that the Petition was not second-or-successive and could proceed (Order for Answer, ECF No. 5, PageID 513-14).

Respondent submits this was error and the case should be transferred to the Sixth Circuit under *In re Sims*, 111 F.3d 45 (6th Cir. 1997)(Return, ECF No. 14, PageID 2967-68). The Warden distinguishes *Stansell* on the grounds that in that case the amended judgment imposed the five-year post-release control (which is mandatory under Ohio law), whereas here the original Termination Entry included that term and it was only the oral advisement of post-release control that had to be added. *Id.*

The Magistrate Judge finds the distinction unpersuasive. In *Stansell*, the Sixth Circuit focused on the judgment on which a habeas petitioner was in custody, a judgment rendered after the appellate court had remanded the case "for the limited purpose of properly advising and imposing upon Stansell the requisite period of postrelease control." *Stansell*, 828 F.3d at 414. The court also noted that the Supreme Court had similarly focused on the judgment in place in deciding that a petition attacking a different judgment from a prior habeas application was not second-or-successive. *Id.* at 415, *citing Magwood v. Patterson*, 561 U.S. 320 (2010). Essentially, the court determined that where there is a successive judgment, a second-in-time habeas petition is *not* second-or-successive. In *King v. Morgan*, 807 F.3d 154, 156-57 (6th Cir. 2015), the Sixth Circuit extended *Magwood* to challenges to a conviction using a judgment-based approach.

In this case, Judge Huffman did not just orally advise Brown of the PRC term; she also filed an Amended Termination Entry which included the five-year term. Under the *Magwood* judgment-based approach, Brown's instant Petition is not second-or-successive because it attacks the Amended Termination Entry.

Respondent also argues *Stansell* incorrectly interprets both 28 U.S.C. § 2244(b) and Ohio law (Return, ECF No. 14, PageID 2969). It is appropriate for the Warden to preserve that issue for appeal, but that is a decision for the *en banc* Sixth Circuit or the Supreme Court. This Court must follow *Stansell*.

**Are the First Eighteen Grounds Untimely?**

Respondent asserts Brown's First through Eighteenth Grounds for Relief are barred by

10

the one-year statute of limitations for habeas petitions enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") and codified at 28 U.S.C. § 2244(d). That statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the date on which Brown's conviction became final on direct review as the ninetieth day after the Ohio Supreme Court declined jurisdiction of the direct appeal from the Second District. That occurred on October 3, 2007 (Entry, State Court Record ECF No. 13, PageID 743).[1] The time for seeking review by certiorari in the United States

---

[1] Two file stamps appear on that page. The October 3 stamp is for filing on the Ohio Supreme Court; the October 23

Supreme Court expired ninety days later on January 2, 2008. The statute began to run the next day and expired January 3, 2009, unless tolled. The Warden concedes tolling during the pendency of Brown's 26(B) application to reopen his direct appeal and his petition for post-conviction relief, but notes Brown had no collateral attack pending at all during 2010 (Return, ECF No. 14, PageID 2972). The pendency of his first habeas petition during that time does not toll the statute. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Based on this calculation, the Warden concludes the statute expired long before Brown filed the instant Petition.

The original Report and Recommendations recommended that Grounds One through Eighteen of the Petition be dismissed as barred by the statute of limitations (ECF No. 26, PageID 3617-26). This was based on a determination, urged by Respondent, that the statute of limitations on these claims expired in 2010 and the Petition was not filed until 2017 (Return, ECF No. 14, PageID 2973). In contrast, Brown claimed in his first set of objections that the time runs from his 2014 resentencing because "the entry of a new judgment normally resets the statute-of-limitations clock," (Objections, ECF No. 29, relying on *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), and *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016).

The Supplemental Report relied on *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007), and *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012), for the proposition that the statute of limitations runs from conclusion of direct review, not collateral review as here. The Supplemental Report recognized that *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), was to the contrary, but noted that a Sixth Circuit panel cannot overrule the published decision of a prior panel and that *Crangle* was, in any event, distinguishable (ECF No. 31, PageID 3659). Brown objected (ECF No. 32,

stamp is for filing with the Montgomery County Clerk of Courts.

PageID 3669-76).

To resolve this statute of limitations question, we must recur to the procedural history. The incidents in suit occurred at the Dayton Motor Hotel on May 15-16, 2005. Out of those incidents, the Montgomery County grand jury indicted Brown (State Court Record, ECF No. 13, PageID 541). In February 2006, a jury convicted Brown on two counts of felonious assault, aggravated burglary with a firearm specification, having weapons while under disability, and tampering with evidence, *id.* at PageID 556, and Judge Richard Dodge sentenced Brown to nineteen years' imprisonment. Direct appeal, an untimely petition for post-conviction relief, and an untimely Ohio App. R. 26(B) application, as well as an initial federal habeas corpus application provided no relief. Brown then began a series of collateral attacks on the Common Pleas judgment entry (See Return of Writ, ECF No. 14, PageID 2953-62). On May 3, 2012, he filed a Motion to Vacate Void Judgment Where Sentence is Contrary to Law (State Court Record, ECF No. 13-1, PageID 1423, *et seq.*) Judge Mary Wiseman denied the Motion and Brown appealed.

On appeal Brown claimed that the March 9, 2006, sentencing entry

> is void because he did not receive oral notification of the duration of post-release control. According to him, even if the sentencing entry recites the length of post-release control, that aspect of his sentence remains illegal and unenforceable because the trial court did not mention the number of years [of post-release control] at sentencing.

*State v. Brown*, 2014-Ohio-2551, 2014 Ohio App. LEXIS 2508 ¶ 12 (2nd Dist. June 13, 2014). The Second District found that argument well taken. *Id.* at ¶¶ 13-16. It held further that he was entitled to raise the issue in his May 2012 motion "because, under existing Ohio Supreme Court precedent, the failure to advise him [orally] of the duration of post-release control at sentencing rendered the post-release control portion of his sentence void." *Id.* at ¶ 17, relying largely on

13

*State v. Qualls*, 131 Ohio St. 3d 499 (2012). The Second District also held that only the post-release control portion of the sentence was void. *Id.* at ¶ 21, holding Brown was only entitled "to a limited re-sentencing to correct the imposition of post-release control." The appellate court remanded with precisely that limitation in place. *Id.* at ¶ 27.

On July 11, 2014, Judge Wiseman gave Brown the required oral advice of post-release control (Memorialized at State Court Record ECF No. 13-3, PageID 2033-35). She also entered an Amended Termination Entry with the five-year PRC term included. *Id.* at PageID 2029-32. Although Brown appealed, the Second District affirmed and the Ohio Supreme Court again denied review (State Court Record, ECF No. 13-3, PageID 2111-20, 2207). The Ohio Supreme Court Entry was filed March 23, 2016 (Entry, State Court Record, ECF No. 13-3, PageID 2207). Brown deposited his instant Petition in the prison mail system on February 24, 2017 (PageID 290).

Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run on the date the judgment of conviction becomes final on direct review or expiration of the time for seeking direct review. The Warden calculated the date of finality as January 2, 2008, the date on which Brown's right to petition the United States Supreme Court for a writ of certiorari expired. Allowing for statutory tolling while Brown's 2007 Ohio R. App. P. 26(B) application and his petition for post-conviction relief under Ohio Revised Code § 2953.21 were pending, the statute would still have expired in 2010 because Brown had no post-conviction actions pending during that year (Return, ECF No. 14, PageID 2972-73).

In his Amended Reply, Brown argued for statutory tolling under 28 U.S.C. § 2244(d)(2) and equitable tolling either on the basis of his diligence in pursuing his claims or because of the "actual innocence" gateway first recognized in *Schlup v. Delo,* 513 U.S. 298, 316 (1995). The

original Report rejected those claims (ECF No. 26, PageID 3619-26).

Brown did not respond to that analysis in his first set of Objections, but instead shifted to the argument he now makes that the calculation of finality runs from Judge Wiseman's Amended Termination Entry on remand (Objections, ECF No. 29, PageID 3640-50, relying principally on *Magwood v. Patterson*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015); and *In re Stansell*, 828 F.3d 412 (6th Cir. 2016).

To make sense of the case law involved here, it is necessary to disentangle two issues: whether a petition is second-or-successive and whether it is barred by the statute of limitations. These potential bars to habeas corpus relief were both adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The second-or-successive bar is codified at 28 U.S.C. § 2244(b) and provides that a second or successive habeas application may not be considered by a district court unless or until the circuit court has given permission. The statute of limitations is codified at 28 U.S.C. § 2244(d) and provides that a habeas petition is barred if it is not filed within one year of the date on which the conviction becomes final on direct review. Both sections have acquired a considerable judicial gloss since 1996.

The first hurdle Brown's instant Petition had to surmount was the second-or-successive bar. When he filed his instant Petition, he had not obtained permission to proceed from the circuit court and the Petition was a second-in-time application because Brown had previously filed a habeas petition related to his 2006 conviction, *Brown I*. The Magistrate Judge had to resolve that issue *sua sponte*, at least initially, because district courts have no jurisdiction over second-or-successive habeas applications without the required circuit permission. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

In the Order for Answer, the Magistrate Judge concluded this was not a second-or-successive habeas petition because Brown's situation "parallels that of the petitioner in *In re Stansell*, 828 F.3d 412 (6th Cir. 2016)" (ECF No. 5, PageID 513-14). In the Return of Writ, the Warden disagreed with that conclusion (Return, ECF No. 14, PageID 2967-70, also arguing *Stansell* was incorrectly decided). However, the Warden did not move this Court to transfer the case to the Sixth Circuit.

The statute of limitations is a separate provision of the AEDPA, codified at 28 U.S.C. § 2244(d), but Brown insists the statute of limitations issue is settled by *King v. Morgan, supra*. The holding in *King*, however, is that "a habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed *conviction* without triggering the 'second or successive' requirements." 807 F.3d at 156 (emphasis in original). King, like Brown, had moved to vacate his Ohio criminal judgment because it did not contain the mandatory post-release control term. However, on resentencing the trial court increased the imprisonment portion of the sentence from twenty-one years to life to thirty-three years to life. *Id.* The *King* court was unsure what effect its decision would have on habeas practice in this circuit, but commented "[t]he entry of a new judgment normally resets the statute of limitations clock." 807 F.3d at 159, citing 28 U.S.C. § 2244(d)(1)(A) and *Rashad, supra*.

*In re Stansell, supra*, also involved the second-or-successive issue. It was before the Sixth Circuit on a request for permission to proceed with a second-or-successive habeas application. While Stansell's case was on appeal on a different issue, the Ohio Eighth District Court of Appeals observed that the trial court had erred in failing to impose a term of post-release control and remanded the case "for the limited purpose of properly advising and imposing upon Stansell the requisite period of post-release control." 828 F.3d at 414, quoting

*State v. Stansell*, 10 N.E.3d at 799. The Sixth Circuit held that Stansell's partial resentencing to impose, for the first time, a term of post-release control permitted him to raise challenges to his original undisturbed conviction and term of imprisonment. Judge Sutton expressly disclaimed deciding any statute of limitations issue:

> Because we must apply the term "second or successive" to the application as a whole, not to the individual claims within it, *Magwood* precludes us from adopting Bachman's approach in the second or successive context. None of this should be taken to call *Bachman* into doubt. All that this decision and all that *King* attempt to do is try to apply *Magwood* faithfully in the second-or-successive context. These decisions, and most importantly *Magwood*, do not answer the distinct statute-of-limitations question raised in *Bachman*.

828 F.3d at 418.

*Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), was an appeal from a dismissal of a habeas petition as barred by the statute of limitations. Crangle had pleaded guilty to rape of a minor and was sentenced to life imprisonment. His conviction became final on direct review December 20, 2008. *Id.* at 675. Over a year later, the Ohio Supreme Court decided *State ex rel Carnail v. McCormick*, 126 Ohio St. 3d 124 (2010), one of a series of Ohio Supreme Court cases dealing with the mandatory post-release control term. Armed with *Carnail*, Crangle sought to withdraw his guilty plea, but obtained instead a *nunc pro tunc* amendment of his judgment which imposed the mandatory five-year term of post-release control. 838 F.3d at 676. Crangle filed his petition for habeas corpus on March 28, 2013. The District Court dismissed the petition as untimely, but the Sixth Circuit held the "2010 *nunc pro tunc* order was a new judgment that reset the statute of limitations clock." 838 F.3d at 677. In the course of doing so, it held that the new sentence imposed on Crangle was "worse than before" because it substituted post-release control for parole.

Brown's present sentence is not "worse than before."  All that changed was (1) Judge Wiseman's oral advisement of the five-year term of post-release control and (2) her memorialization of that advice in an amended entry.  Thus the Magistrate Judge distinguished *Crangle* in the Supplemental Report on this basis (ECF No. 31, PageID 3659).  The Supplemental Report also accepted the Respondent's argument that *Crangle* could not overrule *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007), and *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012), which are prior published decisions of the Sixth Circuit, and again recommended dismissal of the first eighteen grounds as time-barred (ECF No. 31).

However, Brown again objected, Judge Rose recommitted the case, and the Magistrate Judge withdrew this recommendation, reasoning that Judge Sutton wrote both *King* and *Stansell* and he was a member of the panel that issued the *per curiam* decision in *Crangle*.  While he had said in *King* that the court did not question the continued validity of *Bachman* on the limitations question, in *Crangle* he joined an opinion that found *Bachman* had been abrogated by *Magwood* and *King*.  *Crangle* also concluded that *King* abrogated *Mackey v. Warden*, 525 F. App'x 357 (6th Cir. 2013), a case arising from this Court on the same limitations question.  It is unlikely that the three panels which all included Judge Sutton failed to consider the interaction of those decisions.

The Magistrate Judge now believes this Court should not second-guess the Sixth Circuit's decision in *Crangle* by limiting it to post-release control corrections that impose a "worse-than-before" sentence.  The language of *Crangle's* holding does not make that distinction.  Therefore this Court should apply the *Crangle* holding as stated and overrule the Warden's statute of limitations defense.

Moreover, the statute of limitations is not a jurisdictional bar.  *McClendon v. Sherman,* 329 F.3d 490 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).  Therefore deciding the merits of the first eighteen grounds for relief will not be a vain act, as it would be to

decide any of the merits questions in a second-or-successive application. Should the Sixth Circuit decide on appeal that an amended judgment such as Brown's does not restart the limitations period, it will be able to consider this Court's holding on the merits without a remand.

## The Merits

### Ground One: Speedy Trial and Speedy Sentencing

In his First Ground for Relief, Brown asserts he was denied his Sixth and Fourteenth Amendment rights to a speedy trial and speedy sentencing (Petition, ECF No. 4, PageID 266.) The Warden notes Brown raised this claim in his prior habeas petition in this Court and it was decided adversely to him (*Brown I*, ECF No. 13-1, PageID 1180-82; adopted at PageID 1200-01).

Brown presented a speedy trial claim on direct appeal to the Second District Court of Appeals, but it was limited to a claim under Ohio Revised Code § 2945.71 and rejected on that basis. *State v. Brown*, 2007-Ohio-2098, 2007 Ohio App. LEXIS 1954 (2nd Dist. Apr. 27, 2007). In his Reply Brown argues there should be no deference to the Second District's conclusion because that court acted without jurisdiction, based on Brown's claim that the original judgment of conviction (March 9, 2006) was not a final appealable order (ECF No. 21, PageID 3074). He makes the same objection to deferring to this Court's own prior decision on the merits. *Id.* Brown raised this lack-of-final-appealable-order claim in the Second District Court of Appeals which rejected it because the Ohio Supreme Court had rejected the same argument in *State v. Fischer*, 114 Ohio St. 3d 94 (2007). *State v. Brown*, Case No. 21540 (2nd Dist. Jan. 8,

2013)(copy at ECF No. 13-2, PageID 1677 *et seq.*)

The question of what constitutes a final appealable order in Ohio is obviously a question of state law on which this Court is bound by state court decisions in point. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because the Second District, applying controlling Ohio precedent, rejected this lack-of-final-appealable-order argument, this Court must also reject it.

The doctrine of *res judicata* does not strictly apply in habeas corpus, so that doctrine does not bar consideration of Ground One on the merits. However, Judge Black's adoption of Magistrate Judge Ovington's Report on this Ground for Relief in *Brown I* does establish the law of the case on the speedy trial question, reinforced by the Sixth Circuit's refusal to grant a certificate of appealability on any of the issues in the case. Denial of a certificate of appealability becomes the law of the case, binding in subsequent stages of the litigation. *Dillingham v. Jenkins*, Case No. 17-3813 (6th Cir. Nov. 8, 2017)(unreported; copy at ECF No. 65 in 3:13-cv-468), citing *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017).

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F3d 1419, 1421 (6th Cir. 1994), citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), citing 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States*

*v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

"Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*, citing *Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436 (1912); see also *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995). "While the 'law of the case' doctrine is not an inexorable command, a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967), quoted approvingly in *Ass'n of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271 (6th Cir. 1995.) The doctrine applies with equal force to the decisions of coordinate courts in the same case and to a court's own decisions. *Christianson v. Colt Industries,* 486 U.S. 800, 816 (1988).

The purpose of the doctrine is twofold: (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990), citing Moore's Federal Practice § 0.404[1] at 118 (1988). A generally liberal view is expressed in *Gillig v. Advanced Cardiovascular Systems, Inc*. 67 F.3d 586 (6th Cir. 1995).

> We generally will not disturb these [prior] holdings unless there is
> '(1) an intervening change of controlling law; (2) new evidence

> available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Entm't Prods., Inc. v. Shelby Cnty.*, 721 F.3d 729, 742 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 906, 187 L. Ed. 2d 778 (2014) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)).

*Howe v. City of Akron*, 801 F.3d 718, 741 (6th Cir. 2015).

Brown has shown no reason to abandon the law of the case as established here.  Therefore the Magistrate Judge previously recommended Ground One should be dismissed on the merits with prejudice on the same basis as Judges Ovington and Black did so in *Brown I* (ECF No. 34, PageID 3694-97.)

Brown now objects[2] that the speedy trial and sentencing claims made in his instant Petition are not the same claims made in *Brown I*.  In that case Ground Three read:

> **Ground Three:**  Trial court['] failure to grant petitioner's motion to dismiss in Contradiction to Ohio's speedy trial statute violated petitioner's due process and deprived him of his constitutional right to the Sixth and Fourteenth Amendment's [sic] to the United States Constitution and Article I § 10 and 16 of the Ohio Constitution.

> **Supporting Facts:**  On December 9, 2005, petitioner filed a motion to dismiss for speedy trial violations through counsel in Case Nos. 05-CR-1469 and 05-CR-2813. see:(Appx. Ex.(16)). On December 12-13, 2005, a hearing on the motion was held. At said hearing, the prosecutor argued that petitioner cannot receive the triple-count provision provided by R.C. 2945.71(E), because he is also being held on an unrelated drug possession indictment from an arrest on March 26, 2005. Defense counsel argued that petitioner['] speedy trial clock began to run from that date of arrest. Petitioner was released on March 27, 2005, and did not receive an arraignment or preliminary hearing in Case No. 05-CR-1469 before he was indicted on May 17, 2005. see ( Appx EX. ( 1 5))  On February 2, 2006, the trial court rendered its decision and entry overruling petitioners motion to dismiss finding that, On March 26, 2005 defendant was arrested for possession of crack cocaine by Vandalia Police but was released and not held on the charge. Defendant was then indicted on the same charge on May 15, 2005 and arrested on a warrant for same on May 18, 2005. see:(Appx. Ex.(17)). On July 12, 2005, petitioner was arraigned at

---

[2] Brown's Objections on the speedy trial and sentencing claim run fifteen pages, ECF No. 38, PageID 3724 to 3738.

about 5:45PM by the Dayton Municipal Court, Dayton, Ohio Criminal Division in Case No. 05CRA09381, for aggravated robbery and felonious assault. see:(Appx. Ex. ( 19)}. Petitioner was then processed into the Montgomery County Jail at 10:38PM. A preliminary hearing was held on July 18, 2005. Id. Petitioner was bonded over to grand jury after said hearing, and indicted on August 9, 2005. Petitioner was arraigned in Case No. 05-CR-2813 on August 25, 2005. The drugs in Case No. 05-CR-1469 were destroyed in October of 2005 by the Miami Valley Regional Crime laboratory. This evidence was not made know [sic] to the defense until December 14, 2005 after the speedy trial hearing. Petitioner was held in jail for 106 days before trial in Case No. 05-CR-2813. The court[']s judgment in this case is in violation of clearly established federal law. see:(Appx. Ex.(17)).

(Objections, ECF No. 38, PageID 3724-25, quoting Petition in *Brown I*, State Court Record, ECF No. 13, PageID 1030-31.)  As quoted above, Brown's First Ground in the instant case reads:

**Ground One:** Sixth and Fourteenth Amendment Violation to a Speedy Trial and Speedy Sentencing.

**Supporting Facts:** Petitioner was arrested on July 11, 2005. Petitioner was indicted on August 9, 2005. Petitioner plead [sic] "not guilty" at a preliminary hearing. Petitioner Filed a motion to dismiss for speedy trial violation on December 9, 2005, however, the court denied the motion. Petitioners' [sic] trial was not complete until officially convicted and sentenced on July 11, 2014.

As the Magistrate Judge understands the Petition as interpreted by the Objections, Brown is not now raising a claim about denial of his motion to dismiss back in 2005.  He is now claiming that his "trial" was not complete until he was "officially convicted and sentenced on July 11, 2014."  (ECF No. 38, PageID 3725.)

This claim has no sound basis in the record.  The record shows the case was tried February 6-9, 2006.  (State Court Record, ECF No. 13-5, PageID 2309, et seq.)  The post-trial actions did not result in a new trial, but only in an amended Termination Entry.  There is no Supreme Court precedent cited by Brown or known to the Magistrate Judge that measures the constitutional right

to a speedy trial against the date when an amended judgment is entered many years later at the instance of the convicted defendant.

Although Brown claims his Ground One here is a different claim from Ground Three in *Brown I* and the Magistrate Judge has analyzed it here on that basis, Brown also argues that deciding the speedy trial claim made in *Brown I* was improper because "the reviewing of the speedy trial claim prior to the final judgment of conviction and sentence prior to the final judgment of conviction and sentence on July 15, 2014, was contrary to clearly established federal law." (Objections, ECF No. 38, PageID 3726, quoting Reply, ECF No. 21, PageID 3074, and citing *Ex parte Siebold*, 100 U.S. 371 (1880)). In *Siebold*, the Supreme Court held it had appellate jurisdiction in habeas to review the constitutionality of the Congressional statute under which certain election officials of the City of Baltimore had been convicted in federal court. *Siebold* says nothing about the habeas corpus jurisdiction of a federal district court to review a state court conviction under which a person alleges he has been confined unconstitutionally a number of years before he obtains partial vacation of the state court judgment.

Brown quotes the Magistrate Judge's holding that "[t]he question of what constitutes a final appealable order under Ohio law is obviously a question of state law on which this Court is bound by state court decisions in point." (Objections, ECF No. 38, PageID 3727, quoting ECF No. 34, PageID 3695.) He then proceeds to cite various Ohio decisions on what constitutes a final appealable order under Ohio Revised Code § 2505.02. *Id.* at PageID 3727-28. What the Ohio courts may have decided in other cases was or was not a final appealable order is beside the point in this case where the Second District expressly held that it had jurisdiction on direct appeal when later confronted with this argument. Brown had invoked that jurisdiction by appealing to that court and did not question the jurisdiction prior to judgment in that court. It is

the Second District's finding that the original conviction was a final appealable order that governs in this case, not some arguable application of that doctrine this Court might construct from other Ohio case law. (See State Court Record, ECF No. 13-2, PageID 16.)

Even if the original judgment was not technically a final appealable order, that ought not persuade this Court to set aside its determination in *Brown I* that there was no speedy trial violation. A state court judgment that results in custody is reviewable in habeas whether or not a petitioner has properly obtained state court review of that judgment because the doctrine of exhaustion of state court remedies is not jurisdictional. *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987); *Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017).

Brown repeatedly argues that "[t]his Court should abandon the law of the case on the speedy trial question because the post-release control sentence was determined to be void" (Objections, ECF No. 38, PageID 3729) or "because the state court's [sic] used subterfuge to evade consideration of the federal issue" (*id.*) or because "[t]he Second District corrected its fact about the two indictments" (*Id.* at PageID 3732). None of these arguments speaks either to the law of the case doctrine or to the correctness of Judge Black's decision in *Brown I* on the speedy trial claim.

Brown objects to following *Brown I* on the speedy trial claim because he says he alerted this Court prior to its decision of the alleged voidness of the original Termination Entry (Objections, ECF No. 38, PageID 3734, citing *Brown I*, ECF No. 32, PageID 1805-06.) Magistrate Judge Ovington rejected this argument, concluding that Brown did not raise his Ohio R. Crim. P. 32 claim (the claim related to the content of the original termination entry) as a ground for relief in *Brown I* or in the state courts prior to that time, July 29, 2011 (*Brown I*, ECF No. 45, PageID 1995).

Brown also objects that his First Ground for Relief in the instant case contains not only a speedy trial claim, but also a speedy sentencing claim "that the Magistrate Judge failed to review on the merits (Objections, ECF No. 38, PageID 3735). He argues that he was not sentenced until July 15, 2014, when the Amended Termination Entry was filed. *Id.* Brown cites no Supreme Court precedent clearly establishing a right to speedy sentencing apart from the right to speedy trial or precedent holding that any such right is measured against the time when a required amendment of the judgment in a criminal case is entered some years after trial, sentencing, and the original judgment.

Brown's First Ground for Relief should therefore be dismissed on the merits.


**Ground Two: Denial of Access to the Courts**


In his Second Ground for Relief, Brown asserts he was denied access to the courts in violation of the First and Fourteenth Amendments when the Second District Court of Appeals dismissed one of his appeals because it was untimely filed; his notice of appeal did not get to the court of appeals in time although he had deposited it in the institutional mail system in a timely manner.

Brown asserts he raised this issue in a motion for reconsideration filed in the Second District Court of Appeals and denied by that court July 11, 2011(Petition, ECF No. 4, PageID 267, referring to *State v. Brown*, Case No. CA 24658 (2nd Dist. July 11, 2011)). Examination of that decision shows that the Second District did indeed dismiss an appeal by Brown on that date because it had been filed untimely. Brown moved to reconsider on the grounds he deposited the notice of appeal in the prison mailing system before the time expired, so he certainly did not present to the Second District the claim he makes here that he was deprived of his constitutional right of access to the courts by not

having the notice counted as timely. In its dismissal order, the Second District also concluded the appeal was without merit:

> Furthermore, insofar as Brown argues that his 1995 [sic] termination entry is not a final appealable order, Brown's relief is a revised sentencing entry requested from the trial court. *McAllister v. Smith*, 119 Ohio St. 3d 163, 2008-Ohio-3881, ¶ 7-8. In the event the trial court refuses to issue a revised sentencing entry, Brown can file an action for writ of mandamus or procedendo to compel the court to act. *Id.* at ¶ 18.

*Id.*

In the federal courts, filing by an incarcerated person is complete upon deposit in the prison mailing system. *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). However, the mailbox rule is not binding on the States. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster*, 223 F.3d 1177, 1183 (10th Cir. 2000). Ohio has refused to adopt the mailbox rule. *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive.) Assuming the truth of Brown's claim that he deposited the notice of appeal in the prison mail system before the due date, it did not arrive in time and the Second District did not violate Brown's constitutional rights in refusing to accept it.

The Magistrate Judge had reached this point in the analysis in the Second Supplemental Report and Recommendations. In his instant Objections, Brown claims the Magistrate Judge erred in not expanding the record to include "Exhibit 15 and Exhibit 48." (ECF No. 38, PageID 3739). As to these two exhibits, the Order denying expansion of the record reads:

> Exhibit 15 (PageID 3490-99) does not show that it was ever filed in the state court and is excluded on that basis.

> Exhibit 48 (PageID 3574-80) purports to be a memorandum in opposition to motion to dismiss by appellees in the Second District

> Court of Appeals. The document does not show that it was ever
> filed in the Second District and is excluded on that basis.

(Decision and Order, ECF No. 24, PageID 3587-88.) That Decision was filed December 1, 2017, and Brown took no appeal to the District Judge. He has therefore forfeited the argument these documents should have been added to the record.

Brown relies on *Dorn v. Lafler*, 601 F.3d 439 (6th Cir. 2010), where the court held that prison officials' failure to timely mail a notice of appeal on an appeal of right deprived the habeas petitioner of access to the courts. *Dorn* is not in point because the appeal in question was not an appeal of right and in any event the Second District decided it was without merit.

Ground Two should therefore be dismissed with prejudice.


**Ground Three: Improper Characterization of Motion to Dismiss**


In his Third Ground for Relief, Brown claims he was denied due process and equal protection of the laws when the Common Pleas Court treated his Motion to Dismiss as a motion for post-conviction relief under Ohio Revised Code § 2953.21. The Warden asserts this Ground does not plead any constitutional basis.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Brown fails to explain how this treatment deprived him of any constitutional right. On appeal from the trial court's order, the Second District agreed with treating the Motion to Dismiss as a petition for post-conviction relief. *State v. Brown, supra*, at n. 2. This decision by the Second District on a question of Ohio law – how to characterize a motion such as the one Brown filed – is binding on this Court. Brown points to no decision of the United States Supreme Court or the Sixth Circuit to the contrary. Merely putting a constitutional label such as denial of due process or equal protection on a state law claim does not elevate it to the status of a claim cognizable in habeas corpus. "[A] talismanic reliance on labels should not be a substitute for sensitive consideration of the procedures required by due process." *Board of Curators of the University of Missouri v. Horowitz*, 435 U.S. 78, 106 (1978).

Brown objects that this Court should consider Ground Three de novo (Objections, ECF No. 38, PageID 3740-41. The Magistrate Judge has done so and is not aware of any Supreme Court decision clearly establishing a due process or equal protection violation in circumstances parallel to those raised in Ground should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Four:  Incompleteness of the State Court Judgment**

In his Fourth Ground for Relief, Brown asserts the trial court "failed to dispose of all charges pending against Petitioner in the single case before the trial court's judgment with respect to any charge was final."  (ECF No. 4, PageID 269.)

The Magistrate Judge recommended denial of this claim also, because it does not state a

constitutional violation and should be dismissed on the same basis as Ground Three. Brown objects that his state court case was not ripe for review until Judge Wiseman entered the July 2014 Amended Termination Entry. The Second District rejected this lack-of-final-appealable-order argument on the basis outline above. That decision in no way contravenes federal law. Brown cites *Collins v. Miller*, 252 U.S. 364 (1920), but that case concerns finality of a judgment in habeas corpus for purposes of appeal to the United States Supreme Court on writ of error. It has nothing to do with finality of a state court judgment.

The Magistrate Judge again recommends that the Fourth Ground for Relief be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


## Ground Five: Second District's Failure to Comply with Ohio R. App. P. 12(A)(1)(c)

The Magistrate Judge previously wrote "[o]n its face, this Ground for Relief raises only a state law claim and should be dismissed on the same basis as Ground Three." (ECF No. 34, PageID 3700.) Brown objects on the basis of *Evitts v. Lucey*, 469 U.S. 387 (1985), and *Martin v. Wilson*, 419 F.Supp.2d 976 (N.D. Ohio 2006). *Evitts* is an equal protection case dealing with the right to effective assistance of appellate counsel and has no application here. The habeas petition in *Martin* was denied, so it is not precedent for treating a state court rule as creating a constitutional requirement.

Ground Five should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


## Ground Six: Second District Failure to Vacate Illegal Sentence

In his Sixth Ground for Relief, Brown claims the Second District violated his constitutional rights to Due Process when it failed to vacate the sentence it regarded as illegal.

In the many cases dealing with Ohio inmates re-sentenced to impose or announce orally the imposition of post-release control, some of which are cited above, the Sixth Circuit has never suggested that Ohio has a constitutional obligation to vacate either the entire sentence or the entire conviction. Since at least *State v. Fischer*, 128 Ohio St. 3d 92 (2010), Ohio has followed the practice of vacating as void only that portion of the criminal judgment dealing (or not dealing) with post-release control and the Sixth Circuit has not questioned the constitutionality of that process. Thus Brown has not shown that the failure to completely vacate the judgment violated a constitutional right as clearly established by the Supreme Court.

The Magistrate Judge previously recommended Ground Six should be dismissed as without merit on this basis. Brown objects that before *Fischer* the Ohio Supreme Court was remanding cases with improper imposition of post-release control for full resentencing and asserts the Ohio Supreme Court cannot change this retroactively (Objections, ECF No. 38, PageID 3743). The only federal case cited by Brown is *George v. Camacho*, 119 F.3d 1393 (9th Cir. 1997), in which the Ninth Circuit chose to make a new rule applicable only prospectively. The decision says nothing about the power of state courts to make rulings apply retroactively.

**Ground Seven: Denial of Equal Protection in Second District's Denial of Reconsideration**

In recommending denial of this Ground for Relief, the Magistrate Judge previously wrote:

> In his Seventh Ground for Relief, Brown claims the Second District denied him equal protection of the laws when it denied reconsideration of its January 8, 2013, decision. The denial of

reconsideration appears at State Court Record, ECF No. 13-2, PageID 1689-90. Brown has failed to plead, much less demonstrate, that in denying reconsideration here the Second District treated him differently from any other similarly situated litigant. Such adverse differential treatment is necessary to state a claim for relief under the Equal Protection Clause. Ground Seven should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

(ECF No. 34, PageID 3701.)

In his Objections, Brown concedes "the Magistrate Judge has a valid point," but then asks that his argument made in his Motion for Reconsideration in the Second District which appears in the State Court Record (ECF No. 13-2, PageID 1682-88) be substituted as his Seventh Ground for Relief. Having considered that Motion, the Magistrate Judge finds it raises no issues that are not adequately dealt with elsewhere in this Report. Therefore the Motion to Amend is denied.

**Ground Eight: The Second District Lacked Appellate Jurisdiction**

In his Eighth Ground for Relief, Brown claims the Second District acted without subject matter jurisdiction and thereby deprived him of his Fourteenth Amendment right to due process when "it heard an appeal and decided the trial court imposed a sentence on each count in accordance to [sic] law." (ECF No. 4, PageID 273.)

As the Magistrate Judge reads this claim, it is that the Second District erred when it found that the trial court had imposed a sentence on each count of conviction. A state appellate court charged with reviewing a trial court judgment does not lose its jurisdiction when it makes a mistake, e.g., by incorrectly interpreting the judgment that it is reviewing. Based on this analysis, the Magistrate Judge recommended denying Ground Eight for failure to state a

constitutional claim.  (ECF No. 34m PageID 3701.)

Brown objects that his claim is really that the Second District violated his due process rights by deciding a case over which it did not have subject matter jurisdiction (ECF No. 38, PageID 3743).  Although he does not restate the basis of this claim, it is apparently another variation of the lack-of-final-appealable-order claim which is, for reasons given above, without merit.

**Ground Nine:  Lack of Appellate Jurisdiction**

This variation on the lack-of-final-appealable-order claim is also without merit for the same reasons given above.  Brown objects to this recommendation on the basis of *Hohorst v. Hamburg-American Packet Co.*, 148 U.S. 262 (1893).[3]  In that case the Supreme Court held it did not have subject matter jurisdiction over an appeal in a patent case because the judgment was not final in that there remained parties or claims which had not been decided.  Although appellate practice in the United States has changed a great deal since 1893, particularly by the establishment of the circuit courts of appeals, the result would still be the same under Fed. R. Civ. P. 54 and 28 U.S.C. § 1291.  But neither the Rule, the statute, nor *Hohorst* purports to impose any constitutional obligation on state courts.

**Ground Ten:  Lack of Appellate Jurisdiction**

As to Ground Ten, the Magistrate Judge previously wrote, "In his Tenth Ground for Relief, Brown incorporates by reference the arguments made and facts asserted in Grounds Five through

---

[3] The Magistrate Judge is relatively certain that in more than forty years of judicial practice, he has never had the *Hohorst* case cited to him before.

Nine. Thus Ground Ten is surplusage and should be dismissed as such." (ECF No. 34, PageID 3702). Brown objects that the "Magistrate Judge's contention is meritless," (ECF No. 38, PageID 3744), but does not explain how incorporating meritless claims by reference makes them rise to a new level of actually stating a claim.

**Ground Eleven: Equal Protection Violation by the Second District Court of Appeals**

In his Eleventh Ground for Relief, Brown asserts he was denied equal protection of the laws when he was treated differently than criminal defendants in *State v. Johnston*, 2013-Ohio-4401, 2013 Ohio App. LEXIS 4636 (2nd Dist. Sept. 30, 2013), and *State v. Sanchez*, 2009-Ohio-813 (2nd Dist. Feb. 23, 2009). Having reconsidered the cited cases in light of Brown's Objections (ECF No. 38, PageID 3746), the Magistrate Judge still fails to perceive any way in which the appellants in those two cases were treated more favorably than Brown.

**Ground Twelve: Second District's Failure to Certify Record to the Ohio Supreme Court**

In his Twelfth Ground for Relief, Brown asserts the Second District denied him fundamental fairness and abused its discretion when it refused to certify the record in his case to the Ohio Supreme Court under Article IV, § 3(B)(4). Brown does not state any supporting facts, but purports to incorporate by reference the statement of facts in his Memorandum in Support of Jurisdiction in Ohio Supreme Court Case No. 2014-0254 (Petition, ECF No. 4, PageID 277).

In the referenced Memorandum in Support of Jurisdiction, Brown argued to the Ohio Supreme Court that the Second District's decision of December 6, 2013, was in conflict with a

decision of the Fourth District Court of Appeals which he does not cite (State Court Record, ECF No. 13-2, PageID 1810). The Ohio Supreme Court declined to accept jurisdiction without any explanation (ECF No. 13-2, PageID 1822).

Article IV, § 3(B) of the Ohio Constitution permits a court of appeals to certify the record to the Ohio Supreme Court when their judgment in a case "is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state." In his Motion to Certify, Brown cited a number of decisions of the Fourth District Court of Appeals which he claimed were in conflict (State Court Record, ECF No. 13-2, PageID 1773). In denying the Motion to Certify, the Second District found that in none of the cited cases had there actually been a judgment of the Fourth District, a conflicting judgment being a required predicate for certification. *State v. Brown*, Case No. 21540 (2nd Dist. Dec. 6, 2013)(unreported; copy at State Court Record, ECF No. 13-2, PageID 1786-88.)

There is no Ohio constitutional right to have a conflict between decisions of two appellate courts. Rather, Article IV, §3(B) provides a mechanism whereby the Ohio Supreme Court can, if it chooses, resolve a conflict between two appellate courts. More importantly, there is no clearly established federal constitutional right to have a state supreme court resolve conflicts between two intermediate appellate courts.

There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson*, 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

An allegation that a state court judge has abused his or her discretion in making a decision does not state a claim for relief in habeas. *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995).

Based on this analysis, the Magistrate Judge recommended this Twelfth Ground for Relief be dismissed for failure to state a claim upon which habeas corpus relief could be granted (ECF No. 34, PageID 3704).

Brown objects, relying on *Evitts*, *supra*, for the proposition that if States do create an appellate process, they must administer it in accordance with the Due Process and Equal Protection Clauses (ECF No. 38, PageID 3746). But as for examples of how the State of Ohio's process failed to comport with those Clauses as to this particular Ground for Relief, he merely says "the record speaks for itself in this case." *Id.* The record does not show that the Second District refused to certify the record for some invidiously discriminatory reason that applied to Brown, a necessary predicate for an Equal Protection claim. The fact that Ohio provides for a resolution by the Ohio Supreme Court of conflicts between decisions of intermediate appellate courts does not logically imply it must, as a matter of federal constitutional law, do so in every case where a litigant claims there is such a conflict.

Therefore Ground Twelve should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Thirteen: Failure to Pronounce Sentence in the Presence of the Defendant**


In his Thirteenth Ground for Relief, Brown claims that the sentence pronounced in open court was not the same as the sentence imposed in the original termination entry. The gravamen of this claim appears to be that the five-year term of post-release control was included in the original termination entry but not pronounced in open court. Assuming that this states a claim for habeas corpus relief, Brown has already received an adequate remedy when the Second District remanded for oral pronouncement of the post-release term and then Judge Wiseman complied with that

mandate. To the extent Brown's claim is that he was entitled to be present in person at the resentencing, rather than by video, that claim is dealt with in Ground Nineteen, *infra*. Therefore the Magistrate Judge recommended Ground Thirteen be dismissed as moot (ECF No. 34, PageID 3705.)

Brown objects to this conclusion because he says he "filed pre-sentencing motions." (ECF No. 38, PageID 3746, referencing ECF No. 25, PageID 3606.) The referenced document does not recite what those pre-sentencing motions were or why they were properly before the Common Pleas Court on resentencing under *Fischer*, *supra,* or how the federal constitution required the Common Pleas Court to consider those motions on a limited resentencing.

Accordingly, the Magistrate Judge adheres to his prior recommendation that Ground Thirteen be dismissed as moot.

## Ground Fourteen: Lack of Finality When Speedy Trial Motion Denied

Brown's Fourteenth Ground appears to be that denial by the trial court of his motion to dismiss on speedy trial grounds was not final and appealable during his first direct appeal because the termination entry did not yet contain the post-release control term. As noted above, the question of what is a final appealable order under Ohio law is itself a question of Ohio law. Failure to comply with the final appealable order rule does not constitute a federal constitutional violation. On the basis of this analysis, the Magistrate Judge recommended that Ground Fourteen be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

Brown objects "[t]he Magistrate Judge's findings are clearing [sic] erroneous. Brown has argued this contention at pages 5-11." (ECF No. 38, PageID 3747). This argument is unavailing for the reasons already given with respect to the Ohio law of final appealable orders. Therefore the Magistrate Judge adheres to his prior recommendation.

**Ground Fifteen: Due Process Violation in Overruling Motion to Dismiss**

As best the Magistrate Judge can tell, Brown is complaining in this Ground Fifteen that the Second District violated his due process rights when it reversed and remanded for the oral advice of post-release control without vacating the entire judgment.

No clearly established federal law mandates that a state appellate court vacate an entire criminal judgment when it vacates a portion of the judgment to allow a correction to comply with mandatory state sentencing law. On that basis, the Magistrate Judge recommended Ground Fifteen be dismissed for failure to state a claim upon which habeas corpus relief can be granted (ECF No. 34, PageID 3706). All Brown says in objection is, "[t]he Magistrate Judge's findings are erroneous." (ECF No. 38, PageID 3747.) That objection is completely conclusory.

Only specific objections are preserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987). The district court need not provide *de novo* review where objections to a magistrate judge's report and recommendations are frivolous, conclusive, or general. Parties have a duty to pinpoint portions of the report that the Court should consider. *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). If a party files a general objection and incorporates other papers by reference and that approach undermines the purposes of the Magistrate's Act, that party will have waived the right to appeal. *Neuman v. Rivers* , 125 F.3d 315 (6th Cir. 1997).

The Magistrate Judge accordingly adheres to his original recommendation.

**Ground Sixteen: Equal Protection Violation in Overruling Motion to Dismiss**

Brown relies on the same supporting facts for Ground Sixteen as he did for Ground Fifteen. The Magistrate Judge therefore recommended it be dismissed on the same basis (ECF No. 34,

PageID 3706).   Again, Brown makes no specific objection (ECF No. 38, PageID 3747), so the Magistrate Judge adheres to his prior recommendation.


## Ground Seventeen: Due Process Violation in Failure of Second District to Make Threshold Appealability Decision

In his Seventeenth Ground for Relief, Brown asserts he was deprived of due process of law when the Second District did not *sua sponte* determine whether it did or did not have jurisdiction of the initial direct appeal before proceeding to decide the merits.  As part of his claim, Brown asserts the Second District was required to determine whether the March 2006 termination entry was a final appealable order "as the law exist[ed] at the time the entry is appealed whether either party raise[es] a jurisdictional issue or not."  (ECF No. 4, PageID 283.)

As noted in the Second Supplemental Report and Recommendations, it is not clearly established by any United States Supreme Court precedent that a state appellate court must *sua sponte* raise and decide the issue of its own jurisdiction, much less embody that finding in a written decision, before it proceeds to decide a case presented to it (ECF No. 34, PageID 3706-07).   The Magistrate Judge therefore recommended that Ground Seventeen be dismissed for failure to state a claim upon which habeas corpus relief can be granted.  *Id.* at PageID 3707.

Brown objects that

> On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this Court, and then of the court from which the record comes.  This question the Court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.

(Objections, ECF No. 38, PageID 3748, purporting to quote from *Steel Co. v. Citizens for a Better*

*Env't*, 523 U.S. 83 (1998).[4]  "[T]his Court" in *Steel Co.* refers to the Supreme Court of the United States and "the court from which the record comes" refers to the particular lower court whose record is before the Supreme Court on writ of certiorari.  The quoted language is still good law, although the case from which *Steel Co.* quotes it is more than one hundred years old and the Supreme Court no longer hears cases on writ of error.  It is a rule of constitutional law in that the Supreme Court interprets the boundaries of federal judicial power under Article III of the United States Constitution.  Among its many implications are that the absence of subject matter jurisdiction in a federal court must be raised *sua sponte* by the Court, even if none of the parties does so.  *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).  Congress cannot add to the Article III powers of federal courts by, for example, granting the Supreme Court original jurisdiction in mandamus.  *Marbury v. Madison*, 5 U.S. 137, 2 L. Ed. 60 (1803).  The Court has recently reinforced these limitations by holding a circuit court of appeals cannot decide the merits of a habeas case without first granting a certificate of appealability.  *Buck v. Davis*, 580 U.S. ___, 137 S.Ct. 759, 773, 197 L. Ed. 2d 1 (2017).

But these rules about ensuring a court's own jurisdiction and that of the lower court apply only to the federal courts.  Nothing in the United States Constitution requires a state appellate court to examine first the jurisdiction of the court from which an appeal is taken and then its own jurisdiction before proceeding.

The Magistrate Judge remains persuaded that Ground Seventeen does not state a claim for relief in habeas and should be dismissed on that basis.

---

[4] The quoted language does appear in *Steel Co*., where it is quoted from the Court's earlier decision *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449,453 (1900).

**Ground Eighteen: Lack of a Final Appealable Order until July 11, 2014**

In support of his Eighteenth Ground for Relief, Brown incorporates by reference page 13 of his Memorandum in Support of Jurisdiction in the Ohio Supreme Court (ECF No. 13-3, PageID 1929) and the supporting facts for Ground Fifteen.

As already stated many times in this Report, the question of whether a trial court entry in an Ohio Common Pleas Court is a final appealable order under Ohio law is a question purely of Ohio law. Ground Eighteen should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

Brown's objections on this Ground for Relief are duplicative of prior arguments (ECF No. 38, PageID 3748).

**Ground Nineteen: Unconstitutional Failure to Provide Physical Presence at Resentencing**

In his Nineteenth Ground for Relief, Brown asserts he was deprived of liberty, due process, and equal protection when he was not transported to be personally present for the resentencing hearing at which Judge Wiseman orally advised him of the five-year term of post-release control.

Brown had raised this claim in the Second District on appeal from the resentencing and that court had decided it adversely to him. In the original Report, the Magistrate Judge concluded the Second District's decision was not an unreasonable application of *Snyder v. United States*, 291 U.S. 97 (1934), and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1)(Report, ECF No. 26, PageID 3628-29). On the initial recommittal, the Magistrate Judge adhered to that conclusion (Supp. Report, ECF No. 31, PageID 3660).

Brown then objected that a trial court is required by Ohio R. Crim. P. 43 to obtain a

signed waiver of physical presence and this omission is not cured by Ohio Revised Code § 2929.191 where the defendant objects prior to the hearing (Objections, ECF No. 32, PageID 3676). The cited statute is the Ohio General Assembly's effort to provide a mechanism for these remands to impose post-release control and specifically authorizes video conferencing appearance on the trial court's own initiative whether or not a defendant consents. In any event, resolving any apparent conflict between Ohio R. Crim. P. 43 and Ohio Revised Code § 2929.191 is a question of Ohio law, not federal constitutional law.

Brown also objected to the Magistrate Judge's reliance on *Snyder, supra*, and argues the relevant Supreme Court precedent is *Kentucky v. Stincer*, 482 U.S. 730 (1987), and *Hicks v. Oklahoma*, 447 U.S. 343 (1980).

In *Stincer*, the Supreme Court held that a defendant in a sex offense case had no right under either the Confrontation Clause or the Due Process Clause to be personally present during the competency hearing for two young girls who were victim witnesses. The Second District's decision on Brown's claim is an objectively reasonable application of *Stincer* in that Brown's interest in being personally present at the resentencing hearing is substantially less than the interests of Stincer in being present at the competency hearing.

In *Hicks*, the Supreme Court held that a defendant's liberty interest in having a jury fix his sentence was not merely a matter of state procedural law but protected by the Due Process Clause of the Fourteenth Amendment. In that case, the provision of Oklahoma's habitual offender statute under which the jury had been instructed to impose a particular sentence had later been declared unconstitutional. *Hicks* has no application to the question of whether a defendant is entitled to be present in person for a resentencing. Based on this analysis, the Magistrate Judge again recommended dismissal of Ground Nineteen (ECF No. 34, PageID 3709).

Brown objects that the Ohio Supreme Court has resolved the exact question of Ohio law

involved – possible conflict between Ohio R. Crim. P. 43 and Ohio Revised Code § 2929.191 – in *State ex rel Silcott v. Spahr*, 50 Ohio St. 3d 110 (1990). In that case, the Ohio Supreme Court did indeed adopt the general rule that Ohio rules of procedure, adopted by the Ohio Supreme Court under the Modern Courts Amendment, prevail over conflicting statutes. But the *Silcott* case did not address the supposed conflict in this case.

Brown raised this claim as his First Assignment of Error on appeal from the resentencing (State Court Record, ECF No. 13-3, PageID 2039). The Second District decided that, regardless of the supposed conflict between the rule and the statute, Brown had suffered no prejudice from not being present in person. *State v. Brown*, Case No. CA 26320 (2nd Dist. Sep. 25, 2015)(State Court Record, ECF No. 13-3, PageID 2111 et seq.) If the Second District was wrong on this question of Ohio law, it is beyond the authority of this Court to change that ruling. On the other hand, the Second District also found there was no federal constitutional error, relying expressly on *Snyder, supra*. That decision was not an unreasonable application of Supreme Court precedent and is consequently entitled to deference under 28 U.S.C. § 2254(d)(1).

Brown's Nineteenth Ground for Relief should therefore be dismissed with prejudice on the merits.


**Ground Twenty: Unconstitutional Application of *Res Judicata***


In his Twentieth Ground for Relief, Brown complains of the denial of his First Supplemental Assignment of Error on appeal from resentencing on the basis of *res judicata*. The original Report found that as pleaded, the Twentieth Ground for Relief did not state a cognizable claim because it relied on Ohio and Federal Rules of Criminal Procedure 43. The latter rule has never applied to state criminal proceedings and violation of the former rule was not presented to

the state court as a constitutional question (Report, ECF No. 26, PageID 3629-30).

Brown objected that he had intended to include Ohio Rule 43 in his Petition, but had omitted it as a result of typographical error which this Court was bound to excuse. The Supplemental Report concluded that inserting the Ohio Rule would not make a difference because failure to abide by state law is not a federal constitutional violation (Supp. Report, ECF No. 31, PageID 3661).

Brown then objected on the basis of *Hicks v. Oklahoma, supra*, which is certainly a case in which the United States Supreme Court held that a particular state criminal procedural rule created a liberty interest protected by the Due Process Clause. Brown also relies on *Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010)(quoting *Barclay v. Florida*, 463 U.S. 939, 957-58 (1983)), and *Carter v. Mitchell*, 693 F.3d 555 (6th Cir. 2012).

In *Carter*, the Sixth Circuit held that in a capital case, the trial court's use of nonstatutory aggravating factors in deciding the sentence implicated the Eighth Amendment "because the statutory aggravating factors play the 'constitutionally necessary function' of circumscribing the class of persons eligible for the death penalty" and the Due Process Clause "because a 'defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process.'" *Carter*, 693 F.3d at 562, quoting *Gardner v. Florida*, 430 U.S. 349, 358 (1977). The *Carter* court relied on *Hoffner* for the general proposition that "[s]tate law errors may warrant *habeas* relief if the errors 'rise for some other reason to the level of a denial of rights protected by the United States Constitution.'" 693 F.3d at 562, quoting *Hoffner*, 622 F.3d at 495.

There are probably thousands of Ohio criminal procedural rules when one considers the statutes, the Rules of Criminal Procedure prescribed by the Ohio Supreme Court under the Modern Courts Amendment, and the rules announced in various cases. Certainly some of those rules protect

rights arising from the United States Constitution. For example, Ohio's rules provide for the appointment of counsel protect the Sixth Amendment right to be represented by counsel in any case where there is a possibility of jail time. See *Argersinger v. Hamlin,* 407 U.S. 25 (1972) (misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).

But the Sixth Circuit and Supreme Court have held that not all those procedural rights are elevated to a constitutional level. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). Federal habeas corpus has long been available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Since adoption of the Antiterrorism and Effective Death Penalty Act of 1996, the authority of habeas courts has been further limited to granting relief only if a state court judgment violates a right as clearly established by precedent of the United States Supreme Court. In other words, habeas courts may not consider constitutional questions de novo.

While Brown has pointed to Supreme Court precedent which decides as a general matter that a violation of state criminal procedural law may rise to a constitutional level, he has pointed to no such precedent which holds that the Ohio law on personal presence at sentencing creates a federal constitutional right. Even supposing there were such precedent, there is none holding thatthe supposed right is violated when a state court applies its *res judicata* doctrine to decide a question or that forbids a state from using video conferencing to procure a defendant's participation in a hearing just because that method was not authorized when the defendant was first sentenced.

Based on this analysis, the Magistrate Judge recommended that the Twentieth Ground for Relief be dismissed on the merits for failure to state a claim upon which habeas corpus relief can be granted.  (ECF No. 34, PageID 3711.)

Brown's objections as to this Ground for Relief are entirely conclusory and do not require further analysis (ECF No. 38, PageID 3749).

**Ground Twenty-One: Failure to Conduct a De Novo Sentencing Hearing**

In his Twenty-First Ground for Relief, Brown claims he was deprived of liberty, due process, and equal protection when the trial court imposed post-release control without conducting a de novo sentencing hearing.  In denying this claim, the Second District relied on *State v. Fischer*, 128 Ohio St. 3d 392 (2010), and Brown argued this violated the constitutional prohibition on ex post facto laws, relying on *Miller v. Florida*, 482 U.S. 423 (1987).  The Report distinguished *Miller* as having dealt with a change made by the legislature and Brown objected, relying on *Rogers v. Tennessee*, 532 U.S. 451 (2001); *Bouie v. South Carolina*, 378 U.S. 347 (1964); and *Weaver v. Graham,* 450 U.S. 24 (1981).  The Supplemental Report concluded:

> None of this case law supports Brown's claim. Fischer did not expand basic criminal liability at all. Instead it clarified what disposition the Ohio courts must make of cases where post-release control was not properly imposed. This clarification cannot be said to violate anyone's right to fair notice of what conduct the State will punish criminally. To put it another way, a person in Brown's position has no reliance interest in a particular interpretation of what must be done on remand in a post-release control case; no primary ("on the street") conduct of the criminal defendant can possibly be affected by this change.

(ECF No. 31, PageID 3664.)

Brown then objected, relying on *Lancaster v. Metrish,* 683 F.3d 740 (6th Cir. 2012). Brown neglects to advise the Court that *Lancaster* was unanimously reversed on the point for which it is

cited by *Metrish v. Lancaster*, 569 U.S. 351 (2013). Lancaster had complained in habeas that the Michigan Supreme Court's abolition of the diminished capacity defense had been applied to him retroactively when he was retried for homicide; the defense had been available at his first trial. Justice Ginsburg concluded that the retroactive application of this decision was not an unreasonable application of *Rogers* or *Bouie*.

Brown then objected that he had a reliance interest in the law on resentencing as it existed before *Fischer*, but fails to explain how that can be possible, i.e., what he did or could have done in reliance on the pre-*Fischer* state of the law (Objections, ECF No. 32, PageID 3683). *Fischer* certainly did not expand criminal liability in the way the state supreme court decision at issue in *Bouie* had. That is, it did not make any primary conduct by a person subject to criminal punishment that he had not been subject to before. Based on this analysis, the Magistrate Judge recommended Ground Twenty-One be dismissed on the merits.

Brown now objects that he had a reliance interest in the six-year sentence promised to him if he pleaded guilty (ECF No. 38, PageID 3749), but his explanation is not plausible. Is he saying that if he had known the 2006 state of the law regarding resentencing in cases where a term of post-release was incorrectly imposed, he would have agreed to the proffered plea arrangement? He offers no corroborating detail to prove this was his state of mind at the time and it is completely unbelievable.

Brown also objects that he had a liberty interest in the pre-*Fischer* state of resentencing law, to wit, that there would be a complete resentencing (ECF No. 38, PageID 3749). State law may create protectable liberty interests. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462 (1989). To create such a liberty interest, the State must use "'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow, in order to create a liberty interest."

*Id.*, citing *Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983).  State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.  *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6ᵗʰ Cir. 1993).  A hearing right does not command a particular substantive outcome and therefore does not create a liberty interest.  *Fields v. Henry Cty.*, 701 F.3d 180 (6ᵗʰ Cir. 2012).  The pre-*Fischer* law provided for a resentencing de novo, but it in no way guaranteed a lesser sentence.

**Certificate of Appealability**

The Magistrate Judge has consistently recommended that Brown be denied a certificate of appealability because reasonable jurists would not disagree with dismissal of the Petition.  Brown objects that "[n]ot once in all of the Magistrate Judge's [reports] has the Magistrate Judge concluded Brown is wrong about being 'unlawfully' held 'in custody' prior to a final judgment of conviction and sentence, which did not happen until July 15, 2014."  (ECF No. 38, PageID 3750).  Brown is correct about that.  Ohio law required that Brown be orally advised of the post-release control condition and that the incomplete 2006 termination entry be amended to reflect that that had not been done.  But neither of those facts makes Brown's imprisonment unconstitutional and a federal court can only issue a writ of habeas corpus upon a finding of unconstitutional confinement.  Not only has Brown's imprisonment been constitutional, but it is also the case that no reasonable jurist would disagree with this conclusion.  Despite hundreds of pages of briefing, Brown has not cited a single federal habeas case in which the court found the writ should issue because of state-law inadequacies in the imposition of post-release control.

Because of that fact, the Magistrate Judge again recommends that Petitioner be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 5, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).