# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

        Petitioner,     :    Case No. 3:17-cv-080

  - vs -                    District Judge Thomas M. Rose
                             Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,
                              :

        Respondent.

# DECISION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 49) to the Magistrate Judge's Substituted Report and Recommendations ("Report," ECF No. 41). As required by Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* all parts of the Report to which objection has been made.

Respondent has not objected to the Magistrate Judge's determination that the Petition herein is not second-or-successive or barred by the statute of limitations (Report, ECF No. 41, PageID 3764-74). That portion of the Report is ADOPTED in the absence of any objections.

Brown's Petition includes twenty-one grounds for relief and the Report analyzes each of them separately.

**Ground One: Speedy Trial and Speedy Sentencing**

In his First Ground for Relief, Brown asserts he was denied his Sixth and Fourteenth Amendment rights to a speedy trial and speedy sentencing (Petition, ECF No. 4, PageID 266). Brown presented this claim to the Ohio Second District Court of Appeals which rejected it on the merits. *State v. Brown*, 2007-Ohio-2098, 2007 Ohio App. LEXIS 1954 (2nd Dist. Apr. 27, 2007). Brown claimed in his Reply and claims again in his Objections that no deference should be given to this decision of the Second District because the judgment he appealed from was not a final appealable order. The Second District rejected that argument on the basis of *State v. Fischer*, 114 Ohio St. 3d 94 (2007). *State v. Brown*, Case No. 21540 (2nd Dist. Jan. 8, 2013)(copy at ECF No. 13-2, PageID 1677 *et seq.*) Brown argues that the Second District was wrong as a matter of Ohio law, but this Court is bound by a state court's decision of its own law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C.J.); *Bickham v. Winn*, ___ F.3d ___, 2018 WL 1902612 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

This claim was also decided adversely to Brown in his prior habeas corpus case in this Court. *Brown v. Brunsman*, Case No. 3:08-cv-477 ("*Brown I*"). Brown argues this Court should not follow its own prior decision because the issue was not ripe at the time, again because of the final appealable order argument. That argument is rejected on the basis of the authority cited above and because the Sixth Circuit refused even to grant Brown a certificate of appealability on this issue (See Report, ECF No. 41, at PageID 3775-78).

The Report rejected the speedy sentencing prong of Ground One because Brown had presented no Supreme Court authority recognizing such a right apart from the right to a speedy trial. Brown

objects and cites *Pollard v. United States,* 352 U.S. 354 (1957). *Pollard* does not speak to a constitutional requirement of speedy sentencing, but rather to imposition of a sentence several years after defendant had been released from prison and when he was alleged to have violated his probation. In any event, no habeas relief was granted.

**Ground Two: Denial of Access to the Courts**

In his Second Ground for Relief, Brown asserts he was denied access to the courts in violation of the First and Fourteenth Amendments when the Second District Court of Appeals dismissed one of his appeals because it was untimely filed. The Report recommends dismissing this claim essentially because the Ohio courts had no constitutional duty to recognize the prison mailbox rule which applies in the federal system (Report, ECF No. 41, PageID 3781-83).

Brown objects that the Second District confused two different notices of appeal sent to them in the same envelope (Objections, ECF No. 49, PageID 3873). Brown argues that somehow the Second District ignored his second filing and did not rule on it. However, the failure to a court to decide a matter before it is not a denial of access to the courts. Rather, it is presumed the court denied relief.

**Ground Three: Improper Characterization of Motion to Dismiss**

In his Third Ground for Relief, Brown claims he was denied due process and equal protection of the laws when the Common Pleas Court treated his Motion to Dismiss as a motion for post-conviction relief under Ohio Revised Code § 2953.21. The Report concluded this was a matter of state law only (Report, ECF No. 41, PageID 3783-84) and the Court agrees.

**Ground Four: Incompleteness of the State Court Judgment**

In his Fourth Ground for Relief, Brown asserts the trial court "failed to dispose of all charges pending against Petitioner in the single case before the trial court's judgment with respect to any charge was final." (ECF No. 4, PageID 269.) This claim incorporates the lack-of-final-appealable-order argument. The Report recommended dismissing it on the same basis as Ground Three.

Brown objects, here relying on the final judgment rule for review of federal criminal convictions. That rule does not in any way impose a similar rule on the state courts. Brown claims that he has still not had a de novo re-sentencing, but his constitutional claim here depends on his assertion that Ohio lacks the constitutional authority to do what it did in *State v. Fischer, supra,* to wit, to determine that only that portion of a sentencing entry which failed to deal properly with post-release control was void and defendants raising that claim were not entitled to *de novo* re-sentencing. Brown cites no United States Supreme Court authority clearly establishing a state court cannot make this adjustment in its criminal jurisprudence and have it apply to sentences imposed before the change is made.

**Ground Five: Second District's Failure to Comply with Ohio R. App. P. 12(A)(1)(c)**

The Court finds no error in the Report's recommendation that this ground for relief be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

4

**Ground Six: Second District Failure to Vacate Illegal Sentence**

In his Sixth Ground for Relief, Brown claims the Second District violated his constitutional rights to Due Process when it failed to vacate the sentence it regarded as illegal. The Report recommended dismissing this claim because there is no clearly established Supreme Court law holding the approach taken by the Ohio Supreme Court in *Fischer, supra*, is unconstitutional. Brown objects by quoting the Privileges or Immunities Clause of the Fourteenth Amendment (ECF No. 49, PageID 3876). But he cites no Supreme Court case in which the high court has interpreted that Clause to have the meaning he attributes to it.

**Ground Seven: Denial of Equal Protection in Second District's Denial of Reconsideration**

In a prior Report, the Magistrate Judge recommended dismissing the Seventh Ground for Relief because Brown had not shown the Second District treated him any differently from any other litigant in denying his motion for reconsideration (ECF No. 34, PageID 3701). In prior Objections, Brown conceded this point but then sought to amend his Seventh Ground to incorporate the substance of what he had claimed in the appellate motion for reconsideration. The Magistrate Judge denied the motion to amend (Report, ECF No. 41, PageID 3787). Brown's Objections merely incorporate his argument on Ground Four. The Court rejects Ground Seven on the same basis as it rejected Ground Four.

**Ground Eight:  The Second District Lacked Appellate Jurisdiction**

In his Eighth Ground for Relief, Brown claims the Second District acted without subject matter jurisdiction and thereby deprived him of his Fourteenth Amendment right to due process when "it heard an appeal and decided the trial court imposed a sentence on each count in accordance to [sic] law." (ECF No. 4, PageID 273.)  The Report notes that a court does not lose subject matter jurisdiction when it makes a mistake in exercising that jurisdiction and rejected this Ground for Relief as a variant on the lack of final appealable order claim (Report, ECF No. 41, PageID 3788).

Brown's Objections again raise the lack of final appealable order argument (ECF No. 49, PageID 3877-79).  They remain unpersuasive.

**Ground Nine:  Lack of Appellate Jurisdiction**

Ground Nine presents another variant of the lack-of-final-appealable-order argument.  The Court finds no legal error in the Magistrate Judge's recommendation to dismiss this claim.

**Ground Ten:  Lack of Appellate Jurisdiction**

The Report recommended dismissing Ground Ten as surplusage because Brown had expressly incorporated the arguments made in Grounds Five through Nine (Report, ECF No. 41, PageID 3789). Brown objects that, despite his request, he has not been given the assistance of counsel in this case. There is no constitutional right to assistance of counsel in a habeas corpus case.  *McCleskey v. Zant,* 499 U.S. 467(1991).

In his Objections, Brown adds the claim that both termination entries (March 9, 2006, and July 15, 2014) are void because the "prosecutor and the trial court amended the indictment after closing arguments and during the jury instruction to include purpose to commit elements for an aggravated burglary count in the indictment of aggravated robbery and/or felonious assault." (Objections, ECF No. 49, PageID 3885.) Examining the record references given by Brown (ECF No. 38, PageID 3737-38), the Court finds the substance of this claim is that the indictment was amended to change what was charged. Without examining the accuracy of this claim, the Court finds there is no legal error in the Magistrate Judge's recommendation to dismiss this claim because there is no federal constitutional right to grand jury indictment in the state courts. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006).

**Ground Eleven: Equal Protection Violation by the Second District Court of Appeals**

In his Eleventh Ground for Relief, Brown asserts he was denied equal protection of the laws when he was treated differently than criminal defendants in *State v. Johnston*, 2013-Ohio-4401, 2013 Ohio App. LEXIS 4636 (2nd Dist. Sept. 30, 2013), and *State v. Sanchez*, 2009-Ohio-813 (2nd Dist. Feb. 23, 2009). The Report recommended dismissing this claim because the appellants in the cited case were not treated more favorably than Brown (ECF No. 41, PageID 3789). The Court finds no legal error in that conclusion.

**Ground Twelve: Second District's Failure to Certify Record to the Ohio Supreme Court**

In his Twelfth Ground for Relief, Brown asserts the Second District denied him fundamental fairness and abused its discretion when it refused to certify the record in his case to the Ohio Supreme Court under Article IV, § 3(B)(4). The Report recommended dismissal of this claim on the ground that there is no federal constitutional guarantee of the review Brown sought and abuse of discretion is not a constitutional violation (ECF No. 41, PageID 3789-91). Brown's Objection do not provide a basis for rejecting the Magistrate Judge's recommendation.

**Ground Thirteen: Failure to Pronounce Sentence in the Presence of the Defendant**

In his Thirteenth Ground for Relief, Brown claims that the sentence pronounced in open court was not the same as the sentence imposed in the original termination entry. The Report recommended dismissing the claim as moot because Brown had already received the relief he was entitled to when he was re-sentenced by Judge Wiseman (Report, ECF No. 41, PageID 3791-92).

In his Objections, Brown recounts several pages of motions which he claims were properly before the trial court on remand (Objections, ECF No. 49, PageID 3887-94). The substance of this objection is that *State v. Fischer*, *supra*, cannot constitutionally be applied retroactively. For the reasons given in the Report and adopted above, that claim is without merit.

**Ground Fourteen: Lack of Finality When Speedy Trial Motion Denied**

This Ground for Relief is another variant on the lack of final appealable order argument and the Magistrate Judge rejected it on the same basis given elsewhere in the Report. Brown's Objections do not persuade the Court that the Magistrate Judge committed legal error in recommending dismissal of this claim.

**Ground Fifteen: Due Process Violation in Overruling Motion to Dismiss**

The Report interprets Ground Fifteen as being a variant on the claim that the Second District was bound to vacate the entire judgment when it found error in the imposition of post-release control. Brown does not disagree with this construction of the claim, but argues that the contrary result is required by the Constitution. The Court finds no legal error in the Report's recommendation of dismissal.

**Ground Sixteen: Equal Protection Violation in Overruling Motion to Dismiss**

Brown relied on the same facts to support Ground Sixteen as he did for Ground Fifteen and the Magistrate Judge recommended dismissal on the same basis (ECF No. 41, PageID 3794). Brown makes no specific objections and the Court adopts the Report on this Ground.

**Ground Seventeen: Due Process Violation in Failure of Second District to Make Threshold Appealability Decision**

In his Seventeenth Ground for Relief, Brown asserts he was deprived of due process of law when the Second District did not *sua sponte* determine whether it did or did not have jurisdiction of

the initial direct appeal before proceeding to decide the merits. As part of his claim, Brown asserts the Second District was required to determine whether the March 2006 termination entry was a final appealable order "as the law exist[ed] at the time the entry is appealed whether either party raise[es] a jurisdictional issue or not." (ECF No. 4, PageID 283.)

The Report noted that Brown relied on federal cases reciting the obligation to determine jurisdiction as a threshold matter, but that these precedents did not impose a constitutional obligation to do so on the state courts (Report, ECF No. 41, PageID 3795).

In his Objections, Brown cites a decision of the Ohio Ninth District Court of Appeals to the effect that Ohio appellate courts are obliged to decide *sua sponte* their jurisdiction before proceeding. (ECF No. 49, PageID 3898, citing *State v. Bashlor*, 2007-Ohio-2039 (9th Dist. 2007).) The fact that Ohio law imposes that obligation on Ohio courts is not equivalent to a United States Supreme Court decision clearly establishing that this must be done as a matter of federal constitutional law. And in any event Brown does not demonstrate that the Second District ignored the question of appealability. He only shows that their decision on direct appeal did not discuss the issue explicitly, which does not mean they did not consider it. Neither party raised as an assignment of error that the appeal was taken without a final appealable order and Ohio law only requires Ohio appellate courts to discuss explicitly the assignments of error raised by the appellant.

**Ground Eighteen: Lack of a Final Appealable Order until July 11, 2014**

The Report found this claim was duplicative of other claims (ECF No. 41, PageID 3796). The Objections make no specific objection to this conclusion (ECF No. 49, PageID 3898).

10

**Ground Nineteen: Unconstitutional Failure to Provide Physical Presence at Resentencing**

In his Nineteenth Ground for Relief, Brown asserts he was deprived of liberty, due process, and equal protection when he was not transported to be personally present for the resentencing hearing at which Judge Wiseman orally advised him of the five-year term of post-release control.

The Report found that Brown's arguments on this point all raised questions of Ohio law, not federal constitutional law (ECF No. 41, PageID 3796-97). The Report also rejected as inapplicable the U.S. Supreme Court cases cited by Brown. *Id.* Brown's Objections address only Ohio case law, which does not govern in federal habeas corpus. (ECF No. 49, PageID 3898-99.)

**Ground Twenty: Unconstitutional Application of *Res Judicata***

In his Twentieth Ground for Relief, Brown complains of the denial of his First Supplemental Assignment of Error on appeal from resentencing on the basis of *res judicata.* The Report recommended dismissing this Ground for Relief because it did not state a federal constitutional claim. Nothing in the Objections persuades the Court that there is legal error in that recommendation.

**Ground Twenty-One: Failure to Conduct a De Novo Sentencing Hearing**

In his Twenty-First Ground for Relief, Brown claims he was deprived of liberty, due process, and equal protection when the trial court imposed post-release control without conducting a de novo sentencing hearing. This claim is a variant on the assertion that *State v. Fischer*, *supra*, cannot

constitutionally be applied retroactively, i.e., to post-release control violations occurring before it was handed down. This claim is dealt with *supra*.

**Conclusion**

Having considered the Report (ECF 41) de novo, the Court finds that it is neither clearly erroneous as to factual matters nor contrary to law and it is accordingly ADOPTED in its entirety. Brown's Objections (ECF 38, 44) are OVERRULED. The Second Report (ECF 34), Supplemental Report (ECF 31) and Report (ECF 26) are ADOPTED. The Petition (ECF 4) herein is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 4, 2018                                          s/Thomas M. Rose

                                                          Thomas M. Rose
                                                  United States District Judge