# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN EL,

              Petitioner,     :     Case No. 3:17-cv-080

  - vs -                            District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,

                               :

              Respondent.

# REPORT AND RECOMMENDATIONS ON "WRIT" FOR REVIEW

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's "Writ for District Judge to Review the Entire Record" (ECF No. 60). Black's Law Dictionary defines writ as "a court's written order . . . commanding the addressee to do or refrain from doing some specified act." (10th ed. at 1845).. As a litigant in this Court, Brown El lacks the authority to command District Judge Rose to do anything.

However, because Brown El is proceeding *pro se*, the Clerk has liberally construed his filing as a motion and the Magistrate Judge will analyze it as thus filed. As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3).

**Form of the Decision**

Brown El objects to the form of Judge Rose's Decision and Order of May 4, 2018 (ECF

1

No. 53), which adopted the Magistrate Judge's Substituted Report and Recommendations (ECF No. 41) as well as several prior Reports. Although the Decision recites that Judge Rose "has reviewed *de novo* all parts of the Report to which objections has been made" (ECF No. 53, PageID 3954), Brown El objects that the Decision "must specifically indicate that the judge has reviewed the entire record of the case *de novo* on his own. Judge Rose is required to give 'fresh consideration' to the whole record. See 28 U.S.C. 636(b)(1)(B); *Nettles v. Wainright*, 677 F.2d 404, 409 (5th Cir. 1982); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981)." *Id.* at PageID 3988-89.

The cited authority does not stand for the proposition for which it is cited. 28 U.S.C. § 636(b)(1) mirrors the language in Fed. R. Civ. P. 72 and requires the District Judge to make a *de novo* determination of those portions of the Magistrate Judge's report and recommendations to which specific objection is made. *Walters* held that failure to make objections would preclude later appeal, but does not contain a holding (i.e. a decision on a question of law that was necessary to decision of the case) on the sort of review a district judge must make. The *Nettles* court ruled in parallel with *Walters* that failure to file objections waives the right to appeal. The Fifth Circuit held "[i]n compliance with 28 U.S.C. § 636(b)(1)(B), the district judge must review the magistrate's findings and recommendations. If objections are filed, the district judge must make a de novo determination, a "fresh consideration," of those findings objected to." 677 F.2d at 409 (footnote omitted). Neither the statute nor the cases requires a District Judge to make a "'fresh consideration' of the entire record,'" as Brown El contends. (ECF No. 60, PageID 3989.)

A district court must review both proposed findings of fact and conclusions of law of a magistrate judge in a habeas case on a *de novo* basis. *Broom v. Mitchell,* 441 F.3d 392, 398 (6th

2

Cir. 2006); *Flournoy v. Marshall*, 842 F.2d 875 (6th Cir. 1988). But *de novo* here means, as it does in other places in American law, review without deference to the opinion of the decisionmaker being reviewed. In contrast, for example, federal courts reviewing state court decisions of federal questions in habeas cases must defer to the state courts unless the decision is contrary to or an objectively unreasonable application of Supreme Court precedent, or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Terry Williams v. Taylor*, 529 U.S.362 (2000).

While *de novo* review is required in habeas cases, no decision of the Supreme Court or the Sixth Circuit commands how the District Judge is to specify that he or she has done that review. Here Judge Rose states in the Decision that he has performed the *de novo* review required by the rule and the statute. Nothing more is required.

**Impact of Brown El's "National" Status**

Brown El notes that prior Objections on his part had resulted in recommittals to the Magistrate Judge, whereas the District Judge dealt directly with his most recent Objections. Brown El asserts (ECF No. 60, PageID 3989) that he advised the Court of his claimed "national" status as a "Moorish American," on May 3, 2018, in a motion for extension of time at ECF No. 51. That Motion, however, says nothing about any new "national status" claim. In both the caption and the signature line, Brown El uses the name by which he has been known throughout the litigation, "Jeffrey Antonio Brown." The first paragraph reads "[n]ow comes Jeffrey Antonio Brown EL, in

propria persona, in the matter of Petitioner, JEFFREY ANTONIO BROWN, '*stramineus homo*'[1] hereinafter, ("Brown") who moves this Honourable [sic] Court pursuant to Rule 6(b) of the Civil Procedure and request an extension of time." *Id* at PageID 3951. Brown-El's conjecture that the dismissal was because of his new national status claim is totally specious since the Court did not know of the claim until May 8, 2018, when Brown El filed his "Affidavit of Fact" (ECF No. 55).

Brown El asserts that his "legal status in law as Moorish American" somehow entitles him to different consideration from the Court. That also is a groundless claim. The Court has respected Petitioner's choice of a different name, but his new claim of national status has no effect on his procedural or substantive rights in this case. As a person confined under order of an Ohio court which Brown El claims is unconstitutional, he has the same procedural and substantive rights as any other person similarly situated, no more and no less. Whether Brown El is a "free white person" within the meaning of the "Naturalization Act as amended by Act July 14, 1870" as he asserts (ECF No. 60, PageID 3989) is totally irrelevant to this case.

Brown El asserts that the Decision did not close the case because "all the pleadings were not closed." *Id*. at PageID 3990. Petitioner is cautioned that Judge Rose caused the Clerk to enter judgment in connection with the Decision (ECF No. 54) and his time to appeal to the Sixth Circuit runs from that date; it is not stayed by the pendency of his Objections to denial of an evidentiary hearing.

Based on the foregoing analysis, Brown El's "Writ for District Judge to Review the Entire

---

[1] Brown El has for some time been referring to himself as "*stramineus homo*." "Stramineus" is defined in the most authoritative Latin dictionary as an adjective meaning "straw." Lewis and Short, A Latin Dictionary (1879). Thus the phrase "*stramineus homo*" would be literally translated as "straw man." Black's Law Dictionary gives several definitions suggesting various legal uses of the term "straw man," none of which have any application to this case.

Record," construed as a motion, should be DENIED.

May 16, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).