# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

               Petitioner,        :       Case No. 3:17-cv-080

     - vs -                           District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,

                                  :

               Respondent.

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections ECF No. 63) to the Magistrate Judge's Order to Amend the Caption (ECF No. 56). Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 64). Having reconsidered the matter and Petitioner having objected thereto, the Order in question is VACATED and the caption shall revert to the form set forth above.

The case is also before the Court on a document labeled "Petitioner's Objections to Magistrate Judge's Supplemental Memorandum Motion for Evidentiary Hearing" (ECF No. 57). Judge Rose has also recommitted this matter (ECF No. 61). In the body of this document, Petitioner moves the Court for a "Certified Delegation of Authority Order." (ECF No. 57 at PageID 3973). That request is denied.

Petitioner claims he has challenged the jurisdiction of this Court but then asserts federal

1

court jurisdiction must be proved by the party asserting it. The jurisdiction of this Court in habeas corpus is conferred by 28 U.S.C. § 2241. Petitioner objects "the entire proceedings done by the Magistrate Judge, as [Petitioner] did not sing [sic] a consent form to agree to the Magistrate Judge handling of the preliminary proceeding." *Id.* at PageID 3978. No consent of the parties is required for a referral of a habeas corpus case under 29 U.S.C. § 636(b) which is the authority for referral in this case. See General Order DAY 13-01.

Petitioner objects to the Magistrate Judge's proposed findings of fact and conclusions of law because "the Magistrate Judge does not meet the lawful standard for all 'Delegated Judicial Authority. . .'" *Id.* He apparently means the Magistrate Judge is not an Article III judge. *Id.* That is correct and that is why the Magistrate Judge has filed recommendations on all matters designated as "dispositive" either by statute or by Sixth Circuit precedent. He concludes by asserting that somehow *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), did not abolish specialized bodies of federal common law and this in some unexplained way relates to his asserted Moorish American Aboriginal and Indigenous status. *Id.* at PageID 2979. The Magistrate Judge agrees that federal common law in some respects continued to be recognized after *Erie Railroad*. What this has to do with Petitioner's alleged Moorish American status is completely opaque to the Court.

The case is also before the Court on Petitioner's Objections to Order Denying Motion for Extension of Time to File Objection to the Supplemental Opinion on Evidentiary Hearing (ECF No. 58, objecting to ECF No. 52). Petitioner objects that "the Magistrate Judge does not have Judicial Authority to issue Orders." PageID 3981. That is simply not so. Magistrate Judges are authorized by law (28 U.S.C. § 636(b)) to issue orders on any non-dispositive matter in a case

2

referred to them under that statute. A motion for extension of time is plainly nondispositive.

Petitioner's various objections are without merit and should be overruled.

May 22, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).