# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

        Petitioner,     :     Case No. 3:17-cv-080

- vs -     District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS ON RULE 59 MOTION

This case is before the Court on Petitioner's motion pursuant to Fed. R. Civ. P. 59(c)(, (d), and (e)(ECF No. 69). As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(3).

To the extent the motion seeks a new trial under Fed. R. Civ. P. 59(d), it is not appropriate in this case where no trial or other evidentiary hearing was ever held. The precedent governing amendment of judgments provides:

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

To constitute "newly discovered evidence," the evidence must have

> been previously unavailable. *See ACandS,* 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Petitioner asserts he meets this standard because he has "demonstrated throughout these proceedings clear error of law as to the indictment, and as to the sentencing." (Motion, ECF No., 69, PageID 4050). The Court has already dealt with these claims of error by the state courts in its final decision (ECF No. 53).

Petitioner also asserts he "has demonstrated his Rights to due process of law of the Fifth Amendment as a Moorish-American." (Motion, ECF No. 69, PageID 4051). Petitioner is entitled to due process of law because he is a person within the territorial jurisdiction of the United States of America. His status as a "Moorish American," whatever that means, does not entitled him to any more or less due process than any other person within that territorial jurisdiction.

This is not a "consular" court, but a court established by the Congress of the United States pursuant to Article III of the Constitution. Petitioner has no right to have this case heard in a "consular" court.

Therefore Petitioner's instant Motion should be denied in its entirety.

June 1, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).