# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

     Petitioner,    :  Case No. 3:17-cv-080

 - vs -           District Judge Thomas M. Rose
               Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,

               :

     Respondent.

## CORRECTED DECISION AND ORDER DENYING PETITIONER'S RULE 59 MOTION

This case is before the Court on Petitioner's Objections (ECF No. 73) to the Magistrate Judge's Report and Recommendations of June 1, 2018, recommending Petitioner's Motion under Fed. R. Civ. P. 59 be denied (Report, ECF No. 71). As required by Fed. R. Civ. P. 72(b), the District Judge has reviewed *de novo* each portion of the Report to which objection has been made. Having completed that review, the Court rules as follows:

1. Contrary to Petitioner's assertion, this Court has jurisdiction pursuant to 28 U.S.C. § 2241 to hear and consider the Petition for writ of habeas corpus filed herein, has done so, and has determined that Petition should be dismissed with prejudice (i.e., on the merits)(See Decision, ECF No. 53, PageID 3965; Judgment, ECF No. 54). That judgment is a final appealable order of this Court which Petitioner may appeal to the Sixth Circuit Court of Appeals upon obtaining from that court a certificate of appealability under 28 U.S.C. § 2244.

2. Contrary to Petitioner's assertion (ECF No. 73, PageID 4075), this is not a "vice admiralty court." It is a District Court of the United States established by Congress pursuant to Article III of the United States Constitution. See 28 U.S.C. § 115(b).

3. Contrary to Petitioner's assertion (ECF No. 73, PageID 4075), he has no right to a "consular" court to decide his Petition for writ of habeas corpus.

4. Petitioner's demand that this Court "cease and desist from its willful act of tampering with El's writs by construing them as motions" is rejected. Any additional filings by Petitioner labeled "writs" will be stricken as Petitioner has no authority to issue writs.

5. Petitioner's objection to the above caption for this case is rejected. Petitioner has not shown good cause to amend the caption from the caption he placed on the Petition when he filed it: "JEFFREY ANTONIO BROWN VS. SHEA HARRIS." (Petition, ECF No. 4, PageID 262.

6. Petitioner objects to the Magistrate Judge's conclusion that a motion for new trial under Fed. R. Civ. P. 59(d) "is not appropriate in this case where no trial or other evidentiary hearing was ever held." (Report, ECF No. 71, PageID 4069). Petitioner argues instead that a trial consists of "the filing of the Writ, the Return of Writ, the Reply, and a Judgment on the evidence presented by both sides." (Objections, ECF No. 73, PageID 4076). Petitioner cites no authority for this position and none is known to the Court. The Petition, Return, and Reply comprise the pleadings in a habeas corpus case.

7. Petitioner claims that "the District Judge has never reached a final judgment on the evidentiary hearing issue" (Objections, ECF No. 73, PageID 4076). Entry of final judgment on the merits without conducting an evidentiary hearing implicitly denied Petitioner's request for such a hearing. But in order that the matter be made explicit, the Court finds Petitioner's Objections

(ECF No. 44) to the Magistrate Judge's order denying an evidentiary hearing (ECF No. 40) are without merit and they are hereby expressly overruled, particularly on the authority of *Cullen v. Pinholster*, 563 U.S. 170 (2011).

8. Petitioner claims he meets the requirements of Fed. R. Civ. P. 59(e) in that he has newly-discovered evidence in that

> when those issues were being addressed [in the state courts], El was unable to properly represent E'x Rel. due to fact that; El was attached to Ex Rel., under "Wardship" along with .Ex Rel.,as a ward of the state (state property), and was considered a "Minority" (which means El lacked the capacity to handle his own affairs, which does not have anything to do with color of skin or your age). El was a ward of the state along with Ex Rel., because El was a "stateless person" (which includes state-of-mind) prior to declaring who El is and his Nationality.
>
> The Magistrate Judge's emphasis on the phrase; "To constitute "newly discovered evidence," he implies that the evidence must have been previously available to El concerning his Moorish-American Status, how, this assumption is miplaced, and El Objects.
>
> El asserts that his Moorish-American National Aboriginal and Indigenous Status has been oppressed, suppressed, and hidden through fraudulent means by the unclean hands of others, and as such, this newly discovered evidence of El's National Social Status and Nationality was previously unavailable.

(Objections, ECF No. 73, PageID 4077.) Whatever personal significance this declaration of Moorish-American national status may have to Petitioner, it has no legal significance to this habeas corpus case. Petitioner was convicted and sentenced under the name "Jeffrey Antonio Brown." It was in that name that he sought relief from his conviction in this Court and lost. A habeas petitioner cannot obtain relief from judgment by declaring a different nationality.

9. Petitioner asserts he will not have received due process of law in this case as required by the Fifth Amendment "until this Court transfer[s] this case to the proper venue (consular court or

court of general sessions).  Because this Court has found it has jurisdiction of the subject matter of the case, Petitioner is free to make this argument on appeal, if he can obtain leave of the Sixth Circuit to do so.  Any demand for transfer of this case to a "consular court" or "court of general sessions" is rejected.

In accordance with these rulings, Petitioner's Objections to the Report are overruled, the Report is adopted, and Petitioner's Fed. R. Civ. P. 59 Motion is DENIED.


June 18, 2018                                                               *s/Thomas M. Rose

                                                                   _____
                                                                                Thomas M. Rose
                                                                       United States District Judge