# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

        Petitioner,     :     Case No. 3:17-cv-080

  - vs -                          District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,

                                   :

        Respondent.

# DECISION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (6)(ECF No. 86). On July 10, 2018, Petitioner filed a Notice of Appeal from this Court's Judgment of May 4, 2018 (ECF No. 83). The appeal deprives this Court of jurisdiction to grant the instant Motion. However, Fed. R. Civ. P. 62.1 provides

> **Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Motion is without merit.

1

Petitioner argues the Court erred when it adopted the Magistrate Judge's conclusion that

> It is not clearly established by any United States Supreme Court precedent that a **state** appellate court must sua sponte raise and decide the issue of its own jurisdiction, much less embody that finding in a written decision, before it proceeds to decide a case presented to it.

(Motion, ECF No. 86, PageID 4160, emphasis added, quoting ECF No. 34, PageID 3707). To show error in the conclusion, Petitioner cites *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 740 {1976), and *Mansfield. Coldwater & Lake Michigan R. Co. v. Swan*, 111 U.S. 379, 28 L. Ed 462, 4 S. Ct. 510 (1884)). Those two cases stand for the principle that a federal court is obliged to note lack of its own subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014). Indeed, the Supreme Court has held "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower [federal] courts in a cause under review,' even though the parties are prepared to concede it." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986), *quoting Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).

This precedent does not contradict the Magistrate Judge's conclusion because none of this case law holds that a state court is obliged as a matter of federal constitutional law to question *sua sponte* its own jurisdiction. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976).

State court jurisdiction is not limited in the same way as federal court jurisdiction. "The

general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case. The often unspecified use of this polysemic word can lead to confusion and has repeatedly required clarification as to which type of 'jurisdiction' is applicable in various legal analyses." *Bank of Am., NA. v. Kuchta*, 141 Ohio St.3d 75, 2014-0hio-4275, ¶ 18. "Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." Id. at ¶19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). A court that acts without subject matter jurisdiction " renders that court's judgment void ab initio." Id. at ¶17. In comparison, " [a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject matter jurisdiction." Id. at ¶18 . This latter jurisdictional category involves consideration of the rights of the parties. If a court possesses subject matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Id.* Ohio's common pleas courts are endowed with ' original jurisdiction over all justiciable matters * * * as may be provided by law."' Id. at ¶ 20, quoting Article IV, Section 4(B), Ohio Constitution. The Ohio Supreme Court "has long held that the court of common pleas is a court of general jurisdiction, with subject matter jurisdiction that extends to ' all matters at law and in equity that are not denied to it. "' *Id*, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891).

It is true that Ohio appellate courts do not have jurisdiction to consider trial court orders unless they are final appealable orders. But the question of whether a particular order of a common pleas court is a final appealable order is a question of state, not federal, law.

Petitioner relies on *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935), for the proposition that.the burden of proof is on the party asserting jurisdiction if it is

3

challenged. But the question in McNutt was whether the amount in controversy in a case was sufficient to meet the mandatory minimum amount of $3,000 then required for both diversity of citizenship and general federal question jurisdiction of the United States District Courts. The case says nothing about proving the jurisdiction of a state court when the question is raised for the first time in a subsequent habeas corpus proceeding.

Because the Motion for Relief from Judgment (ECF No. 86) is without merit, it is hereby DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 19, 2018                                                                 *s/Thomas M. Rose

                                                                    _____
                                                                          Thomas M. Rose
                                                                    United States District Judge