# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,

              Petitioner,       :      Case No. 3:17-cv-080

  - vs -                              District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution,

                              :

              Respondent.

## DECISION AND ORDER DENYING "WRIT" FOR CERTIFICATE OF APPEALABILITY

      This case is before the Court on Petitioner's "Writ" for Certificate of Appealability (ECF No. 92). As the Court has previously explained to Petitioner, litigants do not have authority to issue writs, which are court orders. Because in the first paragraph of the document, Petitioner "requests" a certificate of appealability, the Court will treat this filing as a motion.

      Petitioner seeks a certificate of appealability "on all claims." On May 4, 2018, the Court dismissed his Petition with prejudice, including all the claims made in the case (ECF No. 53). Petitioner is correct that decisions on certificates of appealability are to be made in the first instance by the District Court. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997). To carry out that policy, the Supreme Court enacted Rule 11(a) of the Rules Governing § 2254 Proceedings which provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final judgment adverse to the applicant."

1

As required by Rule 11(a), this Court already denied a certificate of appealability when it entered judgment dismissing all claims (Decision and Order, ECF No. 53, at PageID 3965). On May 31, 2018, Petitioner filed his "Writ for New Trial" (ECF No. 69) which the Court denied on June 18, 2018 (ECF No. 75). No certificate of appealability determination was made in that Order because it was not deciding any habeas corpus grounds for relief. The Court advised Petitioner in that Order that the May 4, 2018, decision with the accompanying judgment was "a final appealable order of this Court which Petitioner may appeal to the Sixth Circuit Court of Appeals upon obtaining **from that court** a certificate of appealability . . ." (ECF No. 75, PageID 4088; emphasis added). Thereafter on July 10, 2018, Petitioner filed a Notice of Appeal (ECF No. 90).

The filing of a Notice of Appeals deprives this Court of jurisdiction to reconsider its denial of a certificate of appealability. Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

Therefore Petitioner's Motion (styled as a "Writ") is denied for lack of jurisdiction.

August 17, 2018                                          *s/Thomas M. Rose

                                                                             Thomas M. Rose
                                                                     United States District Judge